v.

Paul K. DELO, Respondent.

No. 63490.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 7, 1993.

STUDENT LOAN MARKETING ASSOCIATION, Respondent,

v.

Abdulrahman A. RAJA, Appellant.

No. WD 48028.

Missouri Court of Appeals,
Western District.

June 7, 1994.

Rehearing Denied Aug. 2, 1994.

Darryl Merritt, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stewart Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

Before GARY M. GAERTNER, C.J., and REINHARD and PUDLOWSKI, JJ.

ORDER

J. Michael Murphy, Liberty, for appellant.

Susan Saper Galamba, Keith J. Shuttleworth, Kansas City, for respondent.

Before BERREY, P.J., and KENNEDY and ELLIS, JJ.

KENNEDY, Judge.

Defendant appeals from a summary judgment in a claim upon three promissory notes. Plaintiff is Student Loan Marketing Association, which claims to be holder of the three notes. One of the notes is for $15,000, one for $6,000, and one for $5,000. The amount of the judgment is $50,252.21, designated as "principal," plus pre-judgment interest of $20,499.81 as of May 28, 1993.

Defendant says summary judgment was improper, because the record left unresolved "genuine issues of material fact." See Rule 74.04(c)(3); *ITT Commercial Finance Corp.*

*v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). We shall see.

What are the issues of fact which defendant says were left unsettled at the time the summary judgment was granted?

■ One issue was whether the plaintiff was the holder of two of the three notes. The named payee on two of the three notes was "Bank One of Columbus, N.A." and "Chase Manhattan Bank, N.A." on the third. The notes themselves had been lost. Student Loan's supporting affidavit attested to the fact the respective notes had been assigned from the named payee to Student Loan Marketing Association. Attached to the affidavit, and identified thereby, were purported photocopies of the notes, with the assignments.

Defendant does not deny the assignments or their validity; he argues only that there remains a doubt about them. He says the photocopies attached to plaintiff's affidavit are illegible. The photocopies, it is true, are not first-class, but they are legible. The trial court was able to read them. So are we.

■ Defendant says also there is an issue, left open and unresolved by the record, about the payments he has made, for which he is entitled to credit on the notes. He says he does not know how many payments he has made, or how much remains owing. He therefore does not deny the correctness of the unpaid balance claimed by plaintiff. But he claims plaintiff's payment records, identified by affidavit and submitted with the application for summary judgment, may not be correct.

■ It is not sufficient to defeat a summary judgment that the applicant's claim or defense may be subject to some hypothetical doubt, and that it may lack unassailable certainty. Raising hypothetical doubts about the proponent's claim or defense is not sufficient to defeat a summary judgment. *See ITT*, 854 S.W.2d at 378.

■ Defendant says, next, the judgment for post-judgment interest is void for uncertainty. This he bases upon the judgment's provision that it bear interest after the judgment's date:

[A]t an annual percentage rate which is equal to a variable rate and as calculated by the Secretary of Health & Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the 91 day U.S. Treasury Bills auctioned during the preceding quarter, plus 3.5 percent (see interest rate as indicated on the promissory notes) rounding this figure up to the nearest 1/8th of 1 percent all as per said promissory notes.

The language quoted above is lifted in haec verba from the promissory notes. A judgment on a promissory note bears interest at the same rate as the promissory note. Section 408.040.1, RSMo 1990. Where the note calls for a variable rate of interest, as this one does, it is not possible in the judgment to fix a level rate of post-judgment interest; neither the contract nor the statute would authorize that, unless it could be determined that the level rate, under the terms of the statute, should be nine percent.[1] We reject the appellant's claim that the judgment entered by the trial court, with respect to the post-judgment interest, is invalid and unenforceable, and we will not anticipate any problem that may arise when the judgment creditor undertakes to levy execution, see Supreme Court Rule 76; we will deal with any such problem when and if it is presented to us.

■ Respondent in its brief calls our attention to the provision of section 408.040.1 that where the contract in suit calls for a lower rate than nine percent per annum, the judgment shall bear interest at nine percent per annum. Respondent has not appealed, however, and we decline to add the nine-percent-per-annum floor to the interest rate provided in the judgment.

Unmentioned by either party to the appeal, the $50,252.21, denominated "principal" in the petition, and in the judgment, to which is added $20,499.81 pre-judgment interest, is incorrect. We deal with it as plain error under Rule 84.13(c). The $50,252.21 principal figure actually includes interest accrued to April 30, 1993, on the $6,000 note, and interest accrued to April 20, 1993, on the $5,000 and $15,000 notes. The $20,499.81 pre-judgment interest item in the judgment is therefore duplicative. We remand to the trial court for recalculation of the principal and interest owing.

We affirm the grant of summary judgment, but we remand for the recalculation of the amount owing on the promissory notes, and for the entry of a new judgment in the correct amount.

All concur.

---

1. Section 408.040.1, RSMo 1990, reads as follows:

Interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.