SYNGENTA CROP PROTECTION, INC., Respondent,

v.

OUTDOOR EQUIPMENT COMPANY, d/b/a U.S. Turf and Thomas C. Walker, Appellants.

No. ED 89608.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 18, 2007.

Gene J. Brockland, James J. Brockland, Herzog Crebs LLP, St. Louis, MO, for appellants.

Nelson L. Mitten, Michael P. Wolf, St. Louis, MO, for respondent.

KENNETH M. ROMINES, Judge.

### Introduction

The case before us is an appeal from a motion of summary judgment. Here, we consider whether Appellant Outdoor Equipment Company ("Outdoor") presented a genuine issue of material fact with Thomas C. Walker's affidavit, and whether Respondent Syngenta Crop Protection, Inc. ("Syngenta") replied to Outdoor's response in accordance with Rule 74.04(c)(3) of the Missouri Rules of Civil Procedure. We reverse.

### Factual and Procedural Background

Prior to June, 2004, Syngenta and Outdoor entered into a series of agency and distributor agreements whereby Syngenta would supply to Outdoor certain landscape supplies and materials to be sold to third parties. Outdoor was to then pay Syngenta upon receipt of payment from the third parties. Thomas C. Walker, who was then the President of Outdoor, executed the agreements on behalf of Outdoor. At the time the parties entered into the agreements, Walker signed a personal guaranty relating to, *inter alia*, Outdoor's performance of its obligations under the agreements.

Based on the above facts, Syngenta extended credit to Outdoor on the basis of the agreements and Walker's guaranty.

Syngenta rendered services to Outdoor at the special insistence and request of Outdoor. Pursuant to the agreements, Syngenta warehoused landscape supplies and materials with Outdoor for sale to Syngenta's customers from 29 June 2004 through 15 November 2004. Thereafter, Syngenta's customers began to purchase landscape supplies and materials through Outdoor, and in turn, Outdoor would receive payment from Syngenta's customers and forward said payments on to Syngenta pursuant to their agreement.

At some point, Outdoor stopped forwarding payments to Syngenta, and ultimately failed to pay all sums due to Syngenta, although Outdoor and Walker disputed the amount Syngenta claimed it was due. Syngenta filed a three-count suit against Outdoor and Walker. Count I, against Outdoor, was a suit on account. Count II, against Outdoor, was for money had and received. Count III, against Walker, was for a guaranty claim. Outdoor and Walker filed an Answer admitting that they owed Syngenta some money, but denying that they owed the amount Syngenta claimed.

Syngenta filed a motion for summary judgment on all three counts on 6 October 2006. In support of its motion for summary judgment, Syngenta submitted the affidavit of Gail Howard to establish the amount of money Syngenta claimed was due. In response, on 13 November 2006, Outdoor and Walker responded to Syngenta's motion for summary judgment and submitted an affidavit from Walker, disputing Howard's assertions concerning the amount allegedly due Syngenta. Thereafter, Syngenta submitted a more detailed affidavit from Howard, better explaining her assertions in her first affidavit.

Based on the affidavits and the documents submitted by Syngenta in support of its motion for summary judgment, the trial court granted summary judgment in favor of Syngenta on all three counts. In so doing, the trial court awarded Syngenta the principal amount of $95,958.79, prejudgment interest of $18,763.23, and attorney's fees of $14,618.10, for a total judgment of $129,340. Outdoor and Walker appealed the judgment to this Court.

### Standard of Review

■ This Court reviews a trial court's order granting summary judgment *de novo*. *Young v. American Airlines, Inc.*, 182 S.W.3d 647, 650 (Mo.App. E.D.2005)

### Discussion

Outdoor raises two issues on appeal. First, Outdoor claims that the trial court erred in granting Syngenta's motion for summary judgment on all counts because Outdoor raised genuine issues of material fact concerning the amount of damages. Second, Outdoor claims the trial court erred in granting Syngenta's motion for summary judgment on Syngenta's claim for money had and received because Syngenta failed to establish that Outdoor did not act as a trustee of any money it received. Because we find Outdoor's first point to be dispositive, we address only that point.

### *Genuine Issue of Material Fact*

■ Outdoor argues that the trial judge erred in granting summary judgment in favor of Syngenta because Thomas Walker's affidavit raised a genuine issue of material fact regarding the amount of money owed. We agree.

■ In order to overcome a motion for summary judgment, a party must, "by affidavits or otherwise, set forth specific facts showing a genuine issue for trial." *St. Charles County v. Dardenne Realty Co.*, 771 S.W.2d 828, 830 (Mo. banc 1989).

A genuine issue of fact exists "where the record contains competent evidence of two plausible, but contradictory, accounts of the essential facts." *Brock v. Blackwood,* 143 S.W.3d 47, 62 (Mo.App. W.D.2004). Affidavits in opposition to motions for summary judgment must be made on personal knowledge, set forth facts as would be admissible in evidence, and show that the affiant is competent to testify. St. Charles County, 771 S.W.2d at 830. An affiant who fails to aver specific facts and relies only upon mere doubt and speculation fails to raise any issue of material fact. *Kellog v. Kellog,* 989 S.W.2d 681, 687 (Mo.App. E.D.1999). "Conclusory allegations are not sufficient to raise a question of fact in summary judgment proceedings." *Id.*

Syngenta claims that Walker's affidavit was not based on "personal knowledge." We disagree. In his affidavit, Walker stated that he was formerly the President of Outdoor and that in his role as President, he was familiar with matters relating to Outdoor's purchase of supplies from various vendors, including Syngenta. Walker clearly claims that he had personal knowledge of the details of the business relationship between Outdoor and Syngenta. Further, Walker's affidavit puts forth facts that would be admissible in evidence. Walker stated that Syngenta's calculation was wrong because it failed to properly credit Outdoor for: (1) at least $30,000 of additional rebates; (2) at least $30,000 in credits for purchases made through a buying group (ProKoz); and (3) all returned goods. Finally, Walker was competent to testify. Accordingly, we find that Walker's affidavit is sufficient, and the facts therein raise a genuine issue of material fact.[1]

### *Syngenta's compliance with Rule 74.04(c)(3)*

■ We now turn to the issue of whether Syngenta's reply to Outdoor's response to Syngenta's motion for summary judgment was adequate to remove the factual dispute raised by Outdoor, and thus merit the trial court's award of summary judgment. Outdoor claims that Syngenta's reply failed to comply with Rule 74.04(c)(3), therefore neither the trial court nor this Court should give any weight to Howard's second affidavit. We agree.

Because Walker's affidavit presented an additional factual dispute, Syngenta had to "file a statement admitting or denying each such fact. Any such denial shall be supported in the manner prescribed by Rule 74.04(c)(2)." Rule 74.04(c)(3). Additionally, Syngenta then could have filed a statement of additional material facts as to which Syngenta claims there is no genuine issue. *Id.* Syngenta then could have attached Howard's second affidavit to the supplemental statement supporting its aversions.

This, however, is not what Syngenta did. Instead, Syngenta chose to file a reply memorandum and attach Howard's affidavit to that memorandum.[2] Outdoor claims

1. We summarily reject Syngenta's argument that because Walker's affidavit uses the words "at least" and "believes," it is speculative, not based on personal knowledge, and does not state facts. First, we note that Syngenta does not cite any Missouri cases supporting its argument. Further, the fact that Walker used the words "at least" and "I believe" does not automatically deem Walker's statements speculative. While Walker's affidavit is not as detailed and thorough as it could have been, we note that neither is the first Howard affidavit. The Walker affidavit is simply an in-kind response to an equally conclusory affidavit by Gail Howard, which offers no explanation for how Syngenta computes the $88,355.59 figure.

2. While the docket sheet indicates that Syngenta filed something denominated "reply to/memorandum in support of its motion for summary judgment," we found only How-

that this is problematic because Outdoor set forth a genuine issue of disputed fact in its response to Syngenta's motion for summary judgment, and Syngenta's failure to properly reply to this factual issue as set forth in Rule 74.04(c)(3) denied Outdoor the opportunity to refute the factual assertions that Syngenta subsequently raised in Howard's second affidavit. In essence, Outdoor claims it was sandbagged. We agree.

We first note that Outdoor does not cite any cases supporting its argument to strip Howard's second affidavit of all its weight. Outdoor does cite, however, two cases from this Court in which this Court reversed a grant of summary judgment for a party's failure to comply with 74.04(c).[3] While these cases are not factually analogous to the present case, they underscore this Court's emphasis on strictly adhering to the procedural rules in summary judgment cases. Additionally, we note that "all facts must come into the summary judgment record in the manner required by Rule 74.04(c)(1) and (2), that is, in the form of a pleading containing separate separately numbered paragraphs and a response addressed to those numbered paragraphs." *Sloss v. Gerstner*, 98 S.W.3d 893, 898 (Mo. App. W.D.2003). Syngenta did not comply with Rule 74.04(c)(3) in that it did not file a statement admitting or denying the additional material facts introduced by Outdoor in Walker's affidavit. Instead, it filed a reply memorandum, attaching an affidavit thereto, which replied to Outdoor's controverted facts and introduced additional material facts. Due to Syngenta's deviation

from Rule 74.04(c)(3), Outdoor was left with no opportunity to respond in accordance with the rules.[4] We therefore give no weight to Howard's second affidavit.

### *Conclusion*

We find that a genuine issue of material fact exists concerning how much money Outdoor owes Syngenta. We therefore reverse the trial court's grant of summary judgment in favor of Syngenta and remand this case back to the trial court. As we reverse on Outdoor's first point, we do not address Outdoor's second point on appeal. Syngenta's motion for attorney's fees, which was taken with the case on appeal, is hereby denied.

REVERSED AND REMANDED.

KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR., J., concur.

---

ard's second affidavit in the file. Accordingly, it is unclear to this Court whether Syngenta actually filed a reply memorandum or merely filed Howard's second affidavit in lieu of a reply memorandum.

**3.** *Snelling v. Bleckman*, 891 S.W.2d 572 (Mo. App. E.D.1995); *Finley v. St. John's Mercy*

*Medical Center*, 903 S.W.2d 670 (Mo.App. E.D.1995).

**4.** Further, Syngenta's failure to comply with the applicable rule saddles this Court with the irritating chore of sifting through the record to identify factual disputes. *Sloss v. Gerstner*, 98 S.W.3d 893, 898 (Mo.App. W.D.2003).