**THE BUSINESS BANK OF ST. LOUIS, Respondent,**

v.

**APOLLO INVESTMENTS, INC., Apollo Realty, LLC, Alan Sheehy, Crystal L. Sheehy, and Richard Bennett, Appellants.**

No. ED 96547.

Missouri Court of Appeals, Eastern District, Division Four.

May 9, 2012.

Gregory P. White, Thomas E. Manns, Thomas E. Manns, P.C., St. Louis, MO, for Appellant.

Jeffrey R. Schmitt, Kara D. Helmuth, Danna McKitrick, P.C., St. Louis, MO, for Respondent.

KURT S. ODENWALD, Chief Judge.

*Introduction*

Apollo Investments, Inc., Apollo Realty, LLC, Alan Sheehy, Crystal Sheehy, and Richard Bennett (collectively "the Apollo Defendants") appeal from the trial court's orders granting summary judgment to The Business Bank of St. Louis ("Business Bank") and granting Business Bank, Meramec Assets, LLC and Danna McKitrick's joint motion to dismiss the Apollo Defendants' counterclaim. The Apollo Defendants assert that the trial court erred in granting summary judgment in favor of Business Bank and dismissing their counterclaim for wrongful foreclosure. Because no genuine issues of material fact exist to defeat Business Bank's claim for damages, the trial court did not err in granting summary judgment. In addition, because the Apollo Defendants' counterclaim petition failed to state a claim of damages for wrongful foreclosure, the trial court properly dismissed the Apollo Defendants' counterclaim. We affirm the trial court's judgment.

*Factual and Procedural History*

This appeal arises from a commercial loan transaction between Business Bank and Apollo Investments, Inc. The loans

were guaranteed by Apollo Realty, LLC, Alan Sheehy, Crystal Sheehy, and Richard Bennett.

Between December 30, 2004 and March 3, 2007, Apollo Investments executed and delivered four promissory notes to Business Bank. Each note was secured by separate deeds of trust on 1825 Northfield Drive ("Northfield Property") and/or 430 Thomas Avenue ("Thomas Property"), as well as other properties not relevant to this appeal. After Apollo Investments defaulted on the notes, Business Bank demanded payment from each guarantor. Each of the guarantors failed to make payments as demanded by Business Bank.

On January 20, 2009, Business Bank filed an eight-count petition in the Circuit Court of St. Louis County against the Apollo Defendants for breach of the promissory notes and commercial guarantees. Business Bank subsequently gave notice to the Apollo Defendants that the properties securing the promissory notes would be sold at public auction. The Northfield Property was sold to Meramec Assets, LLC on November 2, 2009, and the Thomas Property was sold to Meramec Assets, LLC on December 7, 2009. On January 6, 2010, the Apollo Defendants filed an answer in response to Business Bank's petition filed almost a year earlier. As its sole affirmative defense, the Apollo Defendants alleged that Business Bank's petition failed to state a claim upon which relief could be granted.

On February 19, 2010, Business Bank filed a motion for summary judgment alleging that no genuine issues of material fact were in dispute, and that it was entitled to judgment on its claims against each of the Apollo Defendants as a matter of law. Before responding to Business Bank's motion for summary judgment, the Apollo Defendants filed a separate action against Business Bank, Meramec Assets, LLC, and Danna McKitrick. This separate claim sought money damages from Business Bank for alleged wrongful foreclosures of the Northfield and Thomas Properties.

In their response to Business Bank's motion for summary judgment, the Apollo Defendants argued that Business Bank was not entitled to summary judgment because Business Bank failed to set forth its calculation of the sum due under the notes and guarantees, failed to address the claims of wrongful foreclosure alleged in the Apollo Defendants' separately filed action, and failed to address their claim that Business Bank breached an oral agreement to extend payment on the notes, as was also alleged in the separately filed action. The Apollo Defendants then filed a motion to consolidate the original action brought by Business Bank on January 20, 2009, and the subsequent separate action filed by the Apollo Defendants. The trial court consolidated the Apollo Defendants' wrongful foreclosure action as a counterclaim to Business Bank's original action.

On August 9, 2010, the trial court granted the joint motion of Business Bank, Meramec Assets, and Danna McKitrick to dismiss the Apollo Defendants' counterclaim. Thereafter the trial court granted Business Bank's motion for summary judgment against the Apollo Defendants. The Apollo Defendants timely filed an appeal in this Court. Respondents have filed a motion to strike the Apollo Defendants' brief alleging multiple violations of Rule 84.04.[12]

---

1. All rule references are to Mo. R. Civ. P.2011 unless otherwise indicated.

2. Respondents have filed a Motion to Strike Appellant's Brief asserting that Appellants failed to substantially comply with the requirements of Rule 84.04, thereby preserving nothing for review and warranting dismissal. This Court will not dismiss an appeal for

### Points on Appeal

In their first point on appeal, the Apollo Defendants argue that the trial court erred in granting Business Bank's motion for summary judgment because their allegations that Business Bank wrongfully foreclosed on the Thomas and Northfield Properties creates a genuine issue of material fact as to the amount the Apollo Defendants owed Business Bank under the promissory notes. In its second point on appeal, the Apollo Defendants argue that the trial court erred in dismissing the Apollo Defendants' wrongful foreclosure counterclaim because the petition properly stated substantive facts establishing wrongful foreclosure.

### Standard of Review

■ We review the entry of summary judgment *de novo*. *Rice v. Shelter Mut. Ins. Co.*, 301 S.W.3d 43, 46 (Mo. banc 2009). We review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will affirm where the pleadings, depositions, affidavits, answers to interrogatories, exhibits, and admissions establish that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beyerbach v. Girardeau Contractors, Inc.*, 868 S.W.2d 163, 165 (Mo.App. E.D.1994). Where the trial court did not render factual findings, all factual issues are presumed resolved in accordance with the result of the trial court's judgment, and we will affirm if the trial court's judgment is proper under any reasonable theory supported by the evidence. *Frick's Meat Products, Inc. v. Coil Constr. of Sedalia Inc.*, 308 S.W.3d 732, 736 (Mo.App. E.D.2010).

### Discussion

**I. The trial court properly granted summary judgment.**

■ The Apollo Defendants argue that Business Bank's wrongful foreclosure of the Thomas and Northfield Properties creates a genuine issue of material fact as to the amount owed to Business Bank under the notes, and thereby precludes the entry of summary judgment in favor of Business Bank. We disagree.

The procedural requirements governing summary judgment in Rule 74.04 are mandatory. *In re Estate of Clifton*, 69 S.W.3d 500, 502 (Mo.App. S.D.2001). To properly plead a motion for summary judgment, a movant must file a statement of uncontroverted material facts which states with particularity the grounds for the motion, and includes a concise description of the movant's claim of entitlement to judgment as a matter of law. Rule 74.04(c). The motion must include references to the sup-

violations of Rule 84.04 unless review on the merits is so hampered by the violations that the Court must become an advocate for the appellant. *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 822 (Mo. banc 2011). We do not find the Apollo Defendants' brief so deficient as to preclude review on the merits. The motion to strike with respect to the entire brief is denied.

The Apollo Defendants' brief was also accompanied by a pleading titled "Appendix Appellants' Exhibits A through D." This "appendix" contains exhibits and documents that are not included in the record on appeal.

After careful review of the entire record, we further find no evidence that these documents included in the "appendix" were presented to the trial court. We do not consider documents in an appendix that are not in the record on appeal, nor do we consider evidence that was not before the trial court. *Id.* ("The mere inclusion of documents in an appendix to a brief does not make them part of the record on appeal."); *State v. Terry*, 304 S.W.3d 105, 109 (Mo. banc 2010). The motion to strike with respect to the Apollo Defendants' appendix is granted.

porting portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits. *Id.* If the movant has made a prima facie showing under 74.04(c) that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law, the burden shifts to the non-movant. *ITT,* 854 S.W.2d at 381. The non-movant "must create a genuine dispute by supplementing the record with competent materials that establish a plausible, but contradictory, version of at least one of the movant's essential facts." *Id.* at 382. (emphasis omitted). The non-movant may not rest upon the mere allegations or demands as set forth in his or her pleadings, but must set forth by affidavits or otherwise specific facts showing that there is a genuine issue for trial. *Martin v. City of Washington,* 848 S.W.2d 487, 492 (Mo. banc 1993). Rule 74.04(c)(2) sets out the procedural requirements a non-movant must follow to oppose a motion for summary judgment:

> Within 30 days after a motion for summary judgment is served, the adverse party shall serve a response on all parties. The response *shall* set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements
>
> . . .
>
> *A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph.*
>
> The response may also set forth additional material facts that remain in dispute, which shall be presented in consecutively numbered paragraphs and supported in the manner prescribed by Rule 74.04(c)(1).

Rule 74.04 (emphasis added).

■ To be entitled to summary judgment, Business Bank was required to plead facts sufficient to establish each element of its claims on the promissory notes. The elements in an action on a promissory note are: the existence of a valid promissory note signed by the maker; a remaining balance due on the note; and a demand on the maker for payment has been made and refused, leaving the maker in default. *Mobley v. Baker,* 72 S.W.3d 251, 257 (Mo.App. W.D.2002). In its statement of uncontroverted facts, Business Bank pleaded facts establishing each of these elements with respect to the four promissory notes at issue. These facts were properly supported by references to the promissory notes and the affidavit of David Gamache, an officer of Business Bank, both of which were also attached to the motion for summary judgment.

■ Business Bank was also required to plead facts necessary to establish its claim for breach of the commercial guarantees. To recover on a contract for guaranty, a creditor must show that the defendant executed the guaranty; that the defendant unconditionally delivered the guaranty to the creditor; that the creditor, in reliance on the guaranty, thereafter extended credit to the debtor; and that the debtor currently owes a sum of money to the creditor which the guaranty purports to cover. *ITT,* 854 S.W.2d at 382. In its statement of uncontroverted facts, Business Bank pleaded facts establishing each of these elements. These facts were properly supported by references to the signed commercial guarantees and the affidavit of David Gamache, both of which were also attached to the motion.

In its response to Business Bank's motion for summary judgment, the Apollo Defendants did not admit or deny any of the facts contained in Business Bank's statement of uncontroverted facts as is

required by Rule 74.04(c)(2). *See* Rule 74.04(c)(2). Accordingly, by the terms of the rule, each statement in Business Bank's Statement of Uncontroverted Facts was deemed admitted. *See id.* Once these statements were admitted, no material issues of fact were left in dispute.

The record shows that the Apollo Defendants challenged Business Bank's motion for summary judgment by asserting their claims of wrongful foreclosure set forth in its petition, later consolidated as a counterclaim. In choosing this form of response, not only did the Apollo Defendants fail to controvert the facts asserted by Business Bank as required by Rule 74.04, but they relied solely upon the averments made in their counterclaim. The Apollo Defendants did not set forth by affidavit or otherwise, any facts demonstrating the existence of genuine issues for trial as required. *Martin,* 848 S.W.2d. at 492.

The facts pleaded and properly supported in Business Bank's motion for summary judgment were deemed admitted by the Apollo Defendants. Because these facts entitled Business Bank to judgment as a matter of law, the trial court did not err in granting the motion. The first point on appeal is denied.

## II. The trial court did not err in dismissing the Apollo Defendants' counterclaim.

In their second point on appeal, the Apollo Defendants contend that the trial court erred when it granted the joint motion to dismiss the Apollo Defendants' counterclaim filed by Business Bank, Meramec Assets, and Danna McKitrick. The Apollo Defendants argue the petition properly stated substantive facts establishing wrongful foreclosure. We disagree.

In a wrongful foreclosure action, a plaintiff must plead and prove that it was not in default when the foreclosure proceedings began, and therefore the defendant had no right to foreclose. *Dobson v. Mortgage Elec. Registration Sys., Inc./ GMAC Mortg. Corp.,* 259 S.W.3d 19, 22 (Mo.App. E.D.2008). If a plaintiff fails to allege that it was not in default, but instead pleads that the sale was otherwise void or voidable, the plaintiff's only remedy is a suit in equity to set aside the sale. *Id.*

Here, the Apollo Defendants did not plead that they were not in default on the promissory notes, but pleaded that the foreclosures were void because they were not directed at the request of the holder; because Business Bank breached an alleged oral agreement to extend payments; and because Danna McKitrick, in its capacity as successor trustee, breached its duty of impartiality to the Apollo Defendants. On these facts, the Apollo Defendants could not recover damages; their sole remedy was a suit in equity to set aside the sale. *See id.* However, the Apollo Defendants' counterclaim prayed only for money damages in excess of $25,000, and did not request the foreclosure sales be set aside. Because the counterclaim failed to state a claim for damages for wrongful foreclosure, the trial court did not err in granting Business Bank, Meramec Assets, and Danna McKitrick's joint motion to dismiss. The Apollo Defendants' second point on appeal is denied.

### Conclusion

Finding no error, we affirm the trial court's judgments granting Business Bank's motion for summary judgment and granting Business Bank, Meramec Assets, and Danna McKitrick's joint motion to dismiss.

PATRICIA L. COHEN and ROBERT M. CLAYTON III, JJ., Concur.