

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION FOUR</u>

GATEWAY METRO FEDERAL )
CREDIT UNION, ) No. ED108286
)
    Respondent, ) Appeal from the Circuit Court
) of St. Louis County
v. ) Cause No. 18SL-CC01239
)
DOMINIC JONES, ) Honorable Joseph S. Dueker
)
    Appellant. ) Filed: June 9, 2020

<u>Introduction</u>

Dominic Jones (Jones) appeals the trial court's summary judgment in favor of

Gateway Metro Federal Credit Union (Gateway) on Gateway's suit on a promissory note

and Jones' counterclaim for unjust enrichment. Because we find the evidence in the

summary judgment record did not establish the balance that remains due on the promissory

note, an element of Gateway's claim, we must reverse the summary judgment in favor of

Gateway on the promissory note, as well as the summary judgment on Jones' counterclaim.

<u>Background</u>

On January 25, 2007, Jones executed a promissory note (2007 Note) in the

principal amount of $109,000, and a deed of trust to secure the promissory note. On April

25, 2008, Jones executed a second promissory note in the principal amount of $376,800

(2008 Note), also secured by a deed of trust. Gateway is the holder of both notes and entered into a subordination agreement to subordinate the 2007 Note and deed of trust to the 2008 Note and deed of trust.

Jones subsequently failed to make all payments due under both notes. Gateway foreclosed on the 2007 Note and purchased the underlying real estate for $103,107.41. Gateway stated in its motion for summary judgment that it spent $39,532.07 to improve the property and then sold the property for $264,396.41. Gateway further stated that after applying the proceeds of the sale, the principal balance due on the 2008 Note was $333,926.21, and that balance continued to accrue interest.

Additionally, Gateway obtained a default judgment against Jones in St. Charles County, Missouri, which Gateway later filed with a district court in Colorado. The Colorado court issued a writ of continuing garnishment against Jones, through which Gateway collected $10,515.73. The Circuit Court of St. Charles County later set aside the default judgment against Jones for lack of personal jurisdiction. The garnishment in Colorado has not been contested or set aside.

Gateway filed the present suit to collect on the 2008 Note in March of 2018. In its statement of uncontroverted material facts attached to its motion for summary judgment, Gateway claimed that as of May 14, 2019, after applying the proceeds received in the Colorado garnishment, the principal balance on the 2008 Note was $333,926.21, the interest balance was $175,306.09, and the late fee balance was $13,350.48. Gateway attached an affidavit executed by Lisa Ellison (Ellison affidavit), Respondent's Vice President of Risk Management, to support these facts. Jones responded that Jones could not admit or deny these facts without further discovery. Jones counterclaimed for unjust

2

enrichment, arguing that because the Colorado garnishment was based on a void judgment, the $10,515.73 that Gateway collected is unjustly retained by Gateway. Jones further argued that the merger doctrine operated to extinguish Gateway's mortgage interest in the property, or at minimum, a question of fact remained regarding the applicability of the merger doctrine.

The trial court granted summary judgment in favor of Gateway on both Gateway's claim and Jones' counterclaim. The trial court ordered Jones to pay $333,926.21 in principal, $175,306.09 in interest, $13,350.48 in late fees, and $52,856.44 in attorney's fees. This appeal follows.

Standard of Review

Our review of summary judgment is essentially *de novo*. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). We use the same criteria the trial court employed to determine whether the movant has made a prima facie showing under Rule 74.04(c) that there is no genuine issue regarding the material facts, and that the movant is entitled to judgment as a matter of law. Id. at 376, 378, 381. Additionally, where the movant has first made a prima facie showing and the non-movant raises an affirmative defense, we must determine whether the movant has established that the affirmative defense fails as a matter of law. Id. at 381. We view the record in the light most favorable to the non-movant, according the non-movant the benefit of all reasonable inferences from the record. Id. at 376. We take facts set forth by affidavit or otherwise in support of the motion as true unless contradicted by the non-movant's response. Id.

3

Discussion

Jones raises four points on appeal. In Point I, he argues that the trial court erred in granting summary judgment on Gateway's suit on account because the Ellison affidavit attached to the motion was not based on personal knowledge. In Point II, Jones argues that the trial court erred in granting summary judgment as a matter of law because the merger doctrine, which Jones asserted as an affirmative defense, prevents Gateway from obtaining relief on the 2008 Note. Jones argues in Point III that Gateway failed to prove damages in that the Ellison affidavit is inconsistent with the promissory note as well as a prior affidavit Ellison executed, which Gateway attached to its earlier motion for default judgment. In Point IV, Jones argues that the trial court erred in granting summary judgment in favor of Gateway on Jones' counterclaim for unjust enrichment because the Colorado garnishment judgment is void in light of the St. Charles County court setting aside its default judgment against Jones. Regarding the summary judgment on Gateway's suit on account, we find Point I is dispositive. Thus, we discuss only Points I and IV.[1]

Point I

Jones argues that the Ellison affidavit is invalid because it is not based on personal knowledge. We agree that the Ellison affidavit, which was the only evidence offered to show Jones' default and the amount due on the 2008 Note, was insufficient to establish a prima facie right to summary judgment in favor of Gateway.

---

[1] Point II, regarding Jones' affirmative defense based on the merger doctrine, is denied as moot. Because we find Gateway failed to establish a prima facie showing of entitlement to summary judgment, we do not reach the question of whether Gateway also established that Jones' affirmative defense failed as a matter of law. See ITT Commercial Fin. Corp., 854 S.W.2d at 381. Additionally, Point III is denied as moot, as we are striking the Ellison affidavit on other grounds.

4

First, to make a prima facie showing of a right to summary judgment on a suit on account, Gateway had to establish the following elements by undisputed facts: (1) the existence of a valid promissory note signed by the maker, (2) a remaining balance due, and (3) that a demand for payment has been made and refused, leaving the maker in default. The Bus. Bank of St. Louis v. Apollo Invs., Inc., 366 S.W.3d 76, 80 (Mo. App. E.D. 2012). Gateway can make such a case "by producing the note admittedly signed by the maker and showing the balance due." Sverdrup Corp. v. Politis, 888 S.W.2d 753, 755 (Mo. App. E.D. 1994).

Here, Gateway attached the 2008 Note to the initial petition, which Jones admitted was an accurate copy of the note and did contain Jones' signature. Jones further admitted he failed to make all of the payments due on the 2008 Note.[2] In order to show the remaining element, the balance due on the note, Gateway submitted the Ellison affidavit.

Regarding affidavits attached to motions for summary judgment, Rule 74.04(e) requires the following:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

While an affidavit need not contain a particular "magic phrase" in order to establish that it is made on personal knowledge, the averments should still demonstrate that the affiant has personal knowledge of the matters contained in the affidavit. See Scott v. Ranch Roy-L, Inc., 182 S.W.3d 627, 635 (Mo. App. E.D. 2005); see also May & May Trucking, L.L.C.

---

[2] He disputed that his lack of payments rendered him in default, arguing that the merger doctrine extinguished his obligation to pay the balance. However, this issue of fact relates to his affirmative defense and is relevant only once Gateway makes its initial prima facie showing under Rule 74.04.

v. Progressive Nw. Ins. Co., 429 S.W.3d 511, 515 (Mo. App. W.D. 2014). On the other hand, "[a]n affidavit which relates information gained from other documents relates hearsay, not such facts as would be admissible in evidence, and is not sufficient to support a motion for summary judgment." Perry v. Kelsey-Hayes Co., 728 S.W.2d 278, 280 (Mo. App. W.D. 1987) (quoting Allen v. St. Lukes Hosp. of Kan. City, 532 S.W.2d 505, 508 (Mo. App. W.D. 1975)); see also May & May Trucking, 429 S.W.3d at 516 (holding that affidavit by claims specialist who relied on documents to form her statements contained hearsay and was not made on personal knowledge). In such a case, if the documents themselves qualify as business records, a party may submit them through use of a business records affidavit to avoid any hearsay issue.[3] Section 490.692, (RSMo. 2000).

Here, the Ellison affidavit opens with the following statements:

1. I am employed as a Vice President of Risk Management for [Gateway].
2. In my position with Gateway, part of my day-to-day responsibilities include supervising, maintaining and reviewing the records and information pertaining to the [*sic*] Gateway's loans. It is within this capacity I have reviewed the records that Gateway maintains with respect to the loan made to [Jones].
3. Gateway's records include a physical loan file and a computer database of acts, transactions, payments, communications, escrow account activity, disbursements, events and analyses with respect to the [*sic*] Gateway's loans (the "Loan Records"). The information described herein and referenced below is found in the [*sic*] Gateway's business records. The entries in those records are made at the time of the events and conditions they describe either by people with first-hand knowledge of those events and conditions or from information provided by people with such first-hand

---

[3] Business records are admissible as an exception to the hearsay rule, provided the proponent lays a foundation through either testimony or affidavit, by a person who has sufficient knowledge of the business operation and methods of keeping records of the business, who testifies to the records' identity and mode of preparation and that the records were made in the regular course of business, at or near the time of the acts, conditions, or events. Sections 490.680, 490.692, (RSMo. 2000); CACH, LLC v. Askew, 358 S.W.3d 58, 64 (Mo. banc 2012).

6

knowledge. Recording such information is a regular practice of Gateway's regularly conducted business activities. I have access to the Loan Records with respect to the subject loan and have knowledge of how they are maintained. Based upon my review of those records, I have gained knowledge of the facts set forth herein, and if called upon to testify as a witness, I could competently do so under the penalty of perjury.

The affidavit goes on to describe the loan's history, including the current balance due in principal, interest, and late fees. There are no records or other documents attached to the affidavit.

We find these statements do not sufficiently establish that Ellison has personal knowledge or that she is competent to testify to the matters contained in her affidavit, and as such, the affidavit does not satisfy the requirements of Rule 74.04(e). While Ellison avers that she has gained knowledge of the facts set forth in her affidavit, it is clear from the first three paragraphs of her affidavit that her knowledge has come exclusively from the business records of Gateway that she reviewed. However, rather than attach the records containing the information Ellison relays, Gateway submitted only this affidavit. Because it contains information gained from records, rather than Ellison's personal knowledge, it relates hearsay and does not sufficiently support a motion for summary judgment. Perry, 728 S.W.2d at 280.

Gateway argues that Ellison's position alone as Vice President of Risk Management, whose day-to-day responsibilities included the review of Gateway's loan records, was sufficient to establish she had personal knowledge. Gateway relies on two cases, both of which we find distinguishable. In Syngenta Crop Protection, Inc. v. Outdoor Equipment Co., this Court found a former president of the respondent company, who stated he was familiar with matters relating to the company's purchases from vendors including

7

the appellant company, had sufficient personal knowledge to support the affidavit. 241 S.W.3d 425, 428 (Mo. App. E.D. 2007). However, personal knowledge did not stem simply from the affiant's role as president of the company. Rather, this Court noted that the affiant "clearly claim[ed] that he had personal knowledge of the business relationship between [Respondent] and [Appellant]." Id. Conversely, here, Ellison did not claim any personal familiarity with the loan to Jones, but rather, she stated that her knowledge of the business relationship between Gateway and Jones came from her review of the business records pertaining to the loan, which she specifically notes were made by *others* with first-hand knowledge.

Gateway also cites Rustco Products Co. v. Food Corn, Inc., in which the Western District found an affidavit satisfied Rule 74.04(e), reasoning in part that based on the affiant's role as "director of food oils" for the respondent company, he would have had knowledge of an agreement for the sale of coconut oil to the appellant company. 925 S.W.2d 917, 924 (Mo. App. W.D. 1996). However, the court also noted that the affidavit opened by stating not only the affiant's position, but also "that he has personal knowledge of the facts set forth within the affidavit." Id. (emphasis added). Moreover, the affidavit attached invoices to verify the statements in the affidavit, and the appellant had admitted the authenticity of the invoices. Id. In contrast, there are no documents attached to the Ellison affidavit, and she fails to state that she has personal knowledge of the contents of her affidavit. Further, she specifically states that she gained knowledge of the facts from Gateway's business records. We do not find a case standing for the proposition that an affiant's position alone establishes personal knowledge under such circumstances.

Instead, in summary judgments on suits on accounts, even where affiants claim to have personal knowledge of the balances due, the parties typically attach records verifying such balance to the affidavit. See id.; Student Loan Marketing Ass'n v. Raja, 878 S.W.2d 830, 831 (Mo. App. W.D. 1994) (affidavit attached copies of notes and payment records); Am. Bank of Princeton v. Stiles, 731 S.W.2d 332, 340-42 (Mo. App. W.D. 1987) (considering several affidavits, finding those stating personal knowledge with copies of documents attached sufficient and striking portions that refer to records but fail to attach such records). Likewise, Rule 74.04(e) mandates that any records referred to by the affiant must be attached to the affidavit.[4]

Here, because Ellison's statements show that the information she relays comes solely from the business records of Gateway, records which presumably would have been admissible based on their status as business records, and because the statements in the affidavit do not demonstrate her personal knowledge of the matters stated therein, the Ellison affidavit does not satisfy the requirements of Rule 74.04(e) and should not have been considered by the trial court. Therefore, Gateway failed to make a prima facie showing of entitlement to summary judgment, because Gateway did not establish the balance due on the note.

Gateway argues that Jones' admissions regarding the validity of the 2008 Note and his failure to make payments are sufficient to show a right to judgment as a matter of law,

---

[4] We note this Court in Wood v. Proctor & Gamble Mfg. Co. suggests that where an affidavit is "based upon personal knowledge, sworn or certified copies of the records reviewed are unnecessary." 787 S.W.2d 816, 821 (Mo. App. E.D. 1990). In that case, the affiant stated her affidavit was "based upon [her] personal knowledge and upon a review of the records of P & G." Id. at 820. Further, the relevant business records were already part of the record. Id. at 821. Thus, while the general statement that personal knowledge obviates the requirement to attach copies of records may not comport with Rule 74.04(e), an issue we need not address in this case, these particular factual circumstances of Wood also distinguish it from the present case.

9

even without the Ellison affidavit. However, a balance due is one of the elements of Gateway's prima facie showing. The Bus. Bank of St. Louis, 366 S.W.3d at 80. Jones did not admit owing a balance on the note, and without any competent evidence of such a balance, Gateway has not made a prima facie showing of entitlement to summary judgment. Gateway's argument that Jones did not properly respond to the motion for summary judgment with opposing affidavits, and therefore admitted the factual allegations in Gateway's motion regarding the balance, is misplaced. "Until the [movant] meet[s] [his or her] burden under Rule 74.04(c) . . ., [the non-movant] does not have to show anything." Williams v. Hubbard, 455 S.W.3d 426, 435 (Mo. banc 2015). Point granted.

## Point IV

Jones argues that the trial court erred in granting summary judgment in favor of Gateway on Jones' counterclaim for unjust enrichment. In light of our reversal of summary judgment on Gateway's claim, we must also reverse the trial court's summary judgment on Jones' counterclaim under the circumstances here.

Jones raised a claim of unjust enrichment based on the fact Gateway collected money through the Colorado garnishment, obtained on the basis of the now-void St. Charles County default judgment. "The essential elements of unjust enrichment are "(1) [that] the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; and (3) that it would be unjust to allow the defendant to retain the benefit." Roberts v. Roberts, 580 S.W.3d 600, 605 (Mo. App. E.D. 2019) (quoting Cent. Parking Sys. of Mo., LLC v. Tucker Parking Holdings, LLC, 519 S.W.3d 485, 498 (Mo. App. E.D. 2017)) (internal quotations omitted). Unjust enrichment is based on equitable principles, and its essence is that the defendant has received a benefit that it would

10

be inequitable for him or her to retain. Id. "[I]f no injustice results from the retention of the benefit, then no cause of action for unjust enrichment will lie." Id. (quoting Peel v. Credit Acceptance Corp., 408 S.W.3d 191, 216 (Mo. App. W.D. 2013)).

Here, because it remains a disputed fact what balance, if any, is due on the 2008 Note, we cannot say whether the $10,515.73 Gateway collected through the Colorado garnishment is unjustly retained by Gateway.[5] Thus, summary judgment was inappropriate on Jones' claim for unjust enrichment. Point granted.

Conclusion

The Ellison affidavit does not establish that Ellison had personal knowledge of the matters discussed in her affidavit, but rather contains hearsay in that Ellison stated she gained her knowledge of the facts solely through Gateway's business records. The affidavit alone, therefore, does not satisfy the requirements of Rule 74.04(e) and should not have been considered by the trial court. Without the affidavit, Gateway failed to establish an element of its claim, and thus failed to make the prima facie showing of entitlement to judgment as a matter of law under Rule 74.04. As such, summary judgment on Gateway's suit on note was inappropriate. Accordingly, because the trial court lacked evidence regarding what balance, if any, Jones owes to Gateway, summary judgment on Jones' claim of unjust enrichment was premature. We reverse and remand the trial court's summary judgment on both claims.

---

[5] We note Jones' argument that whether he owes any balance or not, the garnishment is unjustly retained because Gateway collected the money on the basis of a void judgment. However, there is no evidence in the record that Jones sought to set aside the Colorado garnishment order or sought return of payments through that court. See Hansen v. Pingenot, 739 P.2d 911, 913 (Colo. Ct. App. 1987) (noting that foreign judgment entered without personal jurisdiction is void and will not be enforced in Colorado). Relying instead on equitable principles here necessitates Jones establishing that it is unjust for Gateway to retain the funds, which we cannot determine at this point in the proceedings.

11

_____

Gary M. Gaertner, Jr., Judge

James M. Dowd, P.J., and
Robin Ransom, J., concur.

12