

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| JENNIFER KUBINAK, | ) | No. ED113153 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the Cape Girardeau County |
| v. | ) | Cause No. 20CG-CC00074 |
| | ) | |
| BOARD OF REGENTS, SOUTHEAST | ) | Honorable Benjamin F. Lewis |
| MISSOURI STATE UNIVERSITY, | ) | |
| | ) | |
| Respondent. | ) | Filed: August 19, 2025 |

## OPINION

Jennifer Kubinak appeals the circuit court's judgment granting summary judgment in the

Board of Regents, Southeast Missouri State University's favor on her allegations of violations of

the Missouri Human Rights Act, section 213.010 *et seq.*, RSMo 2016,[1] for age and sex

discrimination and retaliation. The circuit court's judgment is affirmed.

### Background

Kubinak is a 64-year-old woman employed by the University. Kubinak began working

for the University in January 2016 as a Learning Management System Programmer. Kubinak's

male supervisor was over the age of 40. In July 2018, the University restructured its information

---

[1] All further statutory references are to RSMo 2016, as supplemented.

technology department. Kubinak's position was moved to a different department, but there was no change to her job title or compensation. However, Kubinak then reported to a female director who was over the age of 40.

In March 2019, Kubinak applied for, and was offered, a promotion to Application Programmer. The University's compensation offer was for 85 percent of the median salary. Kubinak negotiated with the University and accepted the position with her compensation set at 93 percent of the median salary. Since accepting this position, Kubinak has not been demoted, her compensation has not decreased, and she has not applied for another position.

In May 2019, Kubinak filed a charge of discrimination with the Missouri Human Rights Commission. Kubinak alleged discrimination based on sex and age. Sometime thereafter, the University commissioned a pay equity study.

Kubinak filed a petition in the circuit court alleging the University violated the Act's prohibition on sex and age discrimination and retaliation. The University moved for summary judgment. Kubinak denied the University's statement of uncontroverted material facts, and supplied a statement of additional facts in dispute. The circuit court sustained the University's summary judgment motion. Kubinak appeals.

**Standard of Review**

"This Court reviews a circuit court's grant of summary judgment *de novo*." *Sachtleben v. Alliant Nat'l Title Ins. Co.*, 687 S.W.3d 624, 629 (Mo. banc 2024). When considering an appeal from summary judgment, this Court applies the same criteria as the circuit court in determining whether granting summary judgment was appropriate. *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020). The record is viewed in the light most favorable to the party against whom judgment was entered and affords that party the benefit of all reasonable inferences. *Weeks v. St.*

2

*Louis Cnty.*, 696 S.W.3d 333, 338 (Mo. banc 2024). Summary judgment is appropriate when the record demonstrates there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id*.

Rule 74.04 governs summary judgment practice. "Summary judgment is proper only if the moving party establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Templeton v. Orth*, 685 S.W.3d 371, 374 (Mo. banc 2024). The movant may accomplish this by attaching a statement of uncontroverted material facts to the summary judgment motion. Rule 74.04(c)(1). The uncontroverted material facts must "state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." *Id*.

Once the movant makes this showing, the non-movant must file a response to admit or deny each of the movant's material facts. Rule 74.04(c)(2). "A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." *Id*. If the response fails to comply with Rule 74.04(c)(2), that statement is deemed to be an admission of truth. *Id*. The non-movant "may set forth additional material facts that remain in dispute … in the manner prescribed by Rule 74.04(c)(1)." *Id*.

If the non-movant asserts additional disputed material facts, the movant shall respond to each additional fact "in its original paragraph number and immediately thereunder admit or deny each such factual statement." Rule 74.04(c)(3). Any denial must be supported as in Rule 74.04(c)(2). *Id*.

3

**The Act**

Section 213.055.1(1)(a) provides that it is an unlawful employment practice "to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of ... sex, [or] age ...." Appellate review of cases arising under the Act is "guided by both Missouri law and any federal employment discrimination (i.e., Title VII [of the Civil Rights Act of 1964]) case law that is consistent with Missouri law." *Matthews v. Harley-Davidson*, 685 S.W.3d 360, 366 (Mo. banc 2024) (quoting *Lampley v. Mo. Comm'n on Hum. Rts.*, 570 S.W.3d 16, 22 (Mo. banc 2019)).

*Sex Discrimination*

Kubinak claims the circuit court erred in entering summary judgment in the University's favor on her sex discrimination claim because there were genuine issues of material fact in dispute. Kubinak argues there was a dispute regarding whether she was paid less than similarly situated male employees.

The Act provides it is an unlawful employment practice for an employer to discriminate on the basis of sex. Section 213.055.1(1)(a). An employee establishes a *prima facie* case of sex discrimination in the workplace when the employee demonstrates: "(1) the employee was a member of a protected class; (2) the employee was qualified to perform the job; (3) the employee suffered an adverse employment action; and (4) the employee was treated differently from other similarly situated employees of the opposite sex." *Lampley*, 570 S.W.3d at 24.

Rule 74.04(c)(2) required Kubinak to either admit or deny each of the University's material facts. Kubinak's response needed to "support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." *Id*. "Affidavits in opposition to motions for summary judgment must be made on

4

personal knowledge, set forth facts as would be admissible in evidence, and show that the affiant is competent to testify." *Stanbrough v. Vitek Sols., Inc.*, 445 S.W.3d 90, 99 (Mo. App. 2014). "Conclusory allegations are not sufficient to raise a question of fact in summary judgment proceedings." *Id.* (quoting *Syngenta Crop Prot., Inc. v. Outdoor Equip. Co.*, 241 S.W.3d 425, 428 (Mo. App. 2007)).

Kubinak did not establish there was a genuine issue of material fact demonstrating she suffered an adverse employment action or that she was treated differently from other similarly situated male employees because she failed to set forth admissible evidence demonstrating a genuine dispute of material fact. The only evidence in the summary judgment record that any similarly situated male employees were paid more than Kubinak comes from Kubinak's own self-serving affidavit. It is unclear from that affidavit how Kubinak knows the salaries or job duties of her co-workers. As a result, Kubinak has not demonstrated that she is competent to testify about this information. In addition, Kubinak's affidavit fails to set forth any details of the male employees' jobs that demonstrate they are, in fact, similarly situated. When assessing a motion for summary judgment we must necessarily take all inferences in favor of the non-moving party, but that does not relieve the non-movant from setting forth some admissible evidence to support the genuinely disputed facts. If the non-movant cannot present that evidence, there is no triable issue, and summary judgment is appropriate.

It is conceivable that something somewhere in the summary judgment record, which consists of depositions of other individuals as well as Kubinak's affidavit, supports Kubinak's statements. But Kubinak's response to the University's statement of uncontroverted material facts did not specify where in the record this Court could locate this evidence nor did this Court discover any fact supporting Kubinak's position when it reviewed the record on appeal. Kubinak

was required to "support each denial with specific references to the discovery, exhibits or affidavits that demonstrate *specific facts* showing that there is a genuine issue for trial." Rule 74.04(c)(2) (emphasis added). This Court has no duty to search through Kubinak's exhibits to discover facts that would create genuine issues for trial. *Jimmy Jones Excavation, Inc. v. JDC Structural Concrete, LLC*, 404 S.W.3d 922, 924 (Mo. App. 2013). That obligation falls squarely on Kubinak and her counsel, which they failed to do.

Kubinak also references the pay equity study conducted by the University and suggests that the existence of the study demonstrates she was discriminated against. Kubinak's citations to the record do not support this conclusion. The deposition testimony cited by Kubinak demonstrates that the University commissioned a pay equity study to determine how its compensation compared with private industry salaries. The testimony also shows that the University adjusted salaries in accordance with that study. Kubinak fails, however, to set forth facts connecting this study to the discrimination she alleges. No paragraph in Kubinak's statement of additional material facts states that the pay equity study found that Kubinak's salary was less than similarly situated male employees. In fact, Kubinak's statement of additional facts says that the study did not result in a raise for *any* internal employee. Further, the study was not submitted as part of the summary judgment record. And in any event, the testimony that Kubinak cites in support of her statements about the equity study supports little more than the fact that a study occurred. If the depositions in this case support more than that, it was Kubinak's obligation to identify the locations in the testimony where this information could be found. Kubinak failed to do so.

Additionally, some of Kubinak's denials also include explanations that are not supported by any reference to any discovery, exhibit, or affidavit as required by Rule 74.04(c)(2). For

6

example, in one response Kubinak stated: "Plaintiff admits that she reported to [supervisor] following the restructuring, but adds that [supervisor] made less than men doing her same job, a pattern evident in Plaintiff's cause of action in this matter." This statement is not supported by a citation to the record, and as a result, the statement is not a proper denial of any fact stated in the corresponding paragraph nor is it proper under Rule 74.04 to put any facts before the circuit court. Perhaps that fact is available somewhere in the summary judgment record, but this Court cannot act as an advocate for a party by "sift[ing] through the entire record to identify disputed issues." *Fotoohighiam*, 606 S.W.3d at 118.

Rather than develop an adequate factual record based on admissible evidence, Kubinak relied on the statement in employment discrimination case law that "[c]aution is warranted in employment discrimination cases particularly because they are 'inherently fact-based and often dependent on inference rather than on direct evidence.'" *Bracely-Mosley v. Hunter Engineering Co.*, 662 S.W.3d 806, 815 (Mo. App. 2023) (quoting *M.W. by & through K.W. v. Six Flags St. Louis, LLC*, 605 S.W.3d 400, 409 (Mo. App. 2020). But that statement only applies if there is a genuine dispute of disputed facts. Kubinak argues that the facts are in dispute, but she failed entirely to provide any evidence, direct or circumstantial, of discrimination.

In short, although Kubinak's affidavit alleges she was paid less than her coworkers on the basis of her sex, she failed to support that theory with any competent, admissible evidence that creates a genuine dispute of material fact. Kubinak's nearly wholesale reliance on her personal affidavit is insufficient to raise an issue of material fact. As a result, this is one of the rare cases in which summary judgment is appropriate. The circuit court did not err in granting summary judgment in the University's favor.

*Age Discrimination*

7

Kubinak claims the circuit court erred in entering summary judgment in the University's favor on her age discrimination claim because there were genuine issues of material fact in dispute. Kubinak argues there was a dispute regarding whether she was paid less than similarly situated employees based upon her age. Kubinak asserts her compensation should be the same as the other two women in her department who are over the age of 40.

The Act provides that it is an unlawful employment practice for an employer to discriminate on the basis of age. Section 213.055.1(1)(a). For an employee to establish a *prima facie* case of age discrimination in the workplace, the employee must demonstrate: (1) an adverse employment action; (2) age was the motivating factor; and (3) damages. *Eivins v. Mo. Dep't of Corr.*, 636 S.W.3d 155, 166 (Mo. App. 2021). The Act defines "age" as a person at least 40 years old but less than 70 years old. Section 213.010(1). The Act also defines "the motivating factor" to be when "the employee's protected classification actually played a role in the adverse action or decision and had a determinative influence on the adverse decision or action." Section 213.010(19).

Kubinak did not establish there was a genuine issue of material fact demonstrating she suffered an adverse employment action or that age was a motivating factor for all of the same reasons she failed to demonstrate a genuine issue of material fact with respect to her sex discrimination claim. As with her allegations of sex discrimination, Kubinak's denials of the University's statement of uncontroverted material facts and her statement of additional facts in dispute are supported by her personal affidavit and with explanations that are not supported by any reference to discovery, exhibit, or affidavit as required by Rule 74.04(c)(2).

Again, Kubinak's nearly wholesale reliance on her personal affidavit is insufficient to raise an issue of material fact. Accordingly, the University's facts are deemed to be admitted.

Rule 74.04(c)(2). The circuit court did not err in granting summary judgment in the University's favor.

*Retaliation*

Kubinak claims the circuit court erred in entering summary judgment in the University's favor on her retaliation claim because there were genuine issues of material fact in dispute. Kubinak argues there was a dispute regarding whether University refused to pay her as similarly situated younger male employees.

In the administrative complaint, a claimant must give notice of all discrimination claims under the Act. *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 594 (Mo. banc 2013). "Each discrete act is a different unlawful employment practice for which a separate charge is required." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S. Ct. 2061, 2073 (2002). Exhaustion of remedies requires notice of all discrimination claims, but "the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." *Farrow*, 407 S.W.3d at 594 (quoting *Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 525 (Mo. App. 2009)).

The Act provides that it is an unlawful employment practice for an employer to retaliate "in any manner against any other person because such person has opposed any practice prohibited by" the Act. Section 213.070.1(2). For an employee to establish a *prima facie* case of retaliation in the workplace, the employee must demonstrate: (1) the individual complained of discrimination; (2) the employer took an adverse action; and (3) a causal relationship existed between the complaint and the adverse action. *King v. Missouri Am. Water Co.*, 703 S.W.3d 184, 200 (Mo. App. 2024).

Kubinak admits her administrative complaint did not set forth a charge for retaliation. Kubinak argues, however, that the University was given notice of its discrimination when she filed her complaint and this lawsuit. She also states she was retaliated against as a result of her complaints about unequal pay. Kubinak maintains that she is paid less than similarly situated male co-workers. However, this is the same claim of discrimination that was raised in her charge of discrimination. Kubinak does not point to any additional discrimination or retaliation she faced as a result of filing her complaint.

"To retaliate is to 'inflict in return,' and retaliation includes 'any act done for the purpose of reprisal that results in damage to the plaintiff ....'" *McGaughy v. Laclede Gas Co.*, 604 S.W.3d 730, 751 (Mo. App. 2020) (quoting *Walsh v. City of Kan.*, 481 S.W.3d 97, 106 (Mo. App. 2016)). The only allegation of discrimination Kubinak alleges that occurred after she filed her discrimination charge was that the University refused to raise her pay commensurate with the equity study. However, her only support for this claim is a vague reference to her personal affidavit.[2] There are no details about the study's findings or recommendations nor was the study entered as an exhibit. Additionally, there is no evidence of what action the University took in response to the study.

Kubinak fails to demonstrate that she suffered any sort of discrimination based upon her filing of the charge of discrimination or this lawsuit. Kubinak merely relies upon her claims that she was not paid equally when compared to similarly situated male co-workers. Since Kubinak filed her charge of discrimination and this lawsuit, Kubinak has not been terminated or demoted,

---

[2] Kubinak relies upon the conclusions of the University's equity study. However, there is no indication she has any personal knowledge of the study such that she would be competent to testify about the study. *Cent. Tr. & Inv. Co. v. Signalpoint Asset Mgmt., LLC*, 422 S.W.3d 312, 320 (Mo. banc 2014). Further, Rule 74.04(e) requires "papers or parts thereof referred to in an affidavit shall be attached thereto" and the study was not attached to her affidavit.

her compensation has not decreased, and she has not applied for another position. There have been no additional claims of discrimination that could constitute retaliation.

Kubinak fails to demonstrate a causal connection between her filing the discrimination charge and any discrimination by the University. *King*, 703 S.W.3d at 200. Accordingly, the University was entitled to summary judgment on the retaliation claim.

**Conclusion**

Kubinak is correct that "[s]ummary judgment seldom should be used in employment discrimination cases, because such cases are inherently fact-based and often depend on inferences rather than on direct evidence." *Grissom v. First Nat. Ins. Agency*, 364 S.W.3d 728, 732 (Mo. App. 2012). However, in this case, Kubinak failed to present any fact that would be admissible in evidence or that was supported by citations to the record, to overcome summary judgment. The circuit court's judgment is affirmed.

_____
John P. Torbitzky, Chief Judge

Robert M. Clayton III, J., and
Michael S. Wright, J., concur.

11