MARTHA'S HANDS, LLC, Respondent/Cross–Appellant,

v.

Gregory STARRS, Appellant/Cross–Respondent.

No. ED 85638.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 12, 2006.

Michael A. Gross and Joseph F. Yeckel, St. Louis, MO, for appellant.

Michael D. Quinlan, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Gregory Starrs ("Employee") appeals from the trial court's judgment entered upon a jury verdict in favor of Martha's Hands, LLC ("Employer") on its claims for breach of contract and fraudulent misrepresentation. Employee argues the trial court erred in denying his motion for judgment notwithstanding the verdict on Employer's fraudulent misrepresentation claim; instructing the jury on Employer's fraudulent misrepresentation count; and entering judgment on Employer's breach of contract and fraudulent misrepresentations claims because the judgment provided a double recovery to Employer.[1] On cross-appeal, Employer argues the trial court erred in directing a verdict in favor of Employee on its claims for computer tampering, trespass to chattels and malicious trespass to personalty. We affirm in part and dismiss in part.

### Facts and Procedural History

Employer provides nursing services to patients in their homes, as well as nursing services to patients in facility settings. Eileen Hedrick founded Employer and serves as its director of nursing. Her husband, John Hedrick, is the president, CEO and an owner of Employer.

Mrs. Hedrick's responsibilities include overseeing the nursing duties and establishing relationships with patients and families. She also performs or oversees the performance of patient assessments and care plans. She testified that the preparation of an initial assessment and care plan is part of the standard of care in the home health care practice and it is the policy of Employer to perform assessments and care plans for all of its patients.

In February 2002, Employer hired Employee as staffing division manager. Pursuant to his employment contract, Employee was to receive an annual salary of $75,000. Employee also paid $5,000 for a five percent interest in the company. The employment contract provided that in the event Employer terminated Employee, he would be entitled to his base salary and health benefits for six months after the date of his termination unless:

> [I]n the good faith determination of the Employer, Employee has (i) breached any material fiduciary duty or material contractual obligation to the Employer, (ii) engaged in willful or grossly negligent misconduct which is injurious to the Employer, or (iii) been convicted or pleaded guilty or *nolo contendere* to any felony or to any misdemeanor relating to the affairs of Employer....

---

1. Employee also argued in his original brief that the trial court erred in granting Employer's motion for directed verdict on his counterclaim for breach of contract. In his reply brief, however, Employee withdrew this argument. Therefore, we will not address this point in our opinion.

The employment contract further provided:

Employee will not use or disclose or otherwise provide information or documents (other than in the ordinary course of his duties for Employer) to any person regarding Employer, without the prior written consent of Employer, as the case may be. Immediately upon Employee's termination, Employee shall deliver to Employer all property and materials owned by Employer or relating to Employee's retention by and services to Employer, including any and all property and materials embodying any of the information described in this Section. Employees shall not retain any copies or reproductions thereof nor deliver any such materials, copies or reproductions thereof to any third person. This [S]ection survives the termination of this Agreement and applies to all information and documents regarding Employer, whether or not the same is confidential.

A few weeks after Employee began working for Employer, Mrs. Hedrick testified she spoke with Employee regarding the Employer's policies and procedures and showed him where he could access them. Specifically, Mrs. Hedrick testified that she told Employee that it was Employer's policy to prepare care plans for each patient, including those in private facilities. Employee testified he was not aware of this policy. He also testified that he instructed employees not to prepare care plans for patients in private facilities.

On October 20, 2003, two patients in private facilities, for whom Employer provided nursing services, fell. These patients, whose care was coordinated by Employee, did not receive initial assessments or care plans. This failure to prepare care plans caused Mrs. Hedrick to become concerned about Employer's potential liability and Employee's veracity at work. After several communications with Employee regarding the performance of his job responsibilities with Employer, on November 11, 2003, Employee was terminated from his employment with Employer. The reasons for his termination were provided in a letter which stated:

WILLFUL OR GROSS NEGLIGENT MISCONDUCT: without the proper authority or permission you instructed the staff to relax our health care standards on private duty cases.

MATERIAL BREACH OF CONTRACT: in direct violation of his Job Description attached to his Employment Agreement, he has been insubordinate to the General Manager and to the Principal Man[a]ger (CEO).

After Mr. Hedrick gave Employee his termination letter, he asked Employee to return all property he had that belonged to Employer. Employee indicated he wanted to pack up his belongings and left the room. When Employee attempted to leave with his laptop computer and PDA, which were owned by Employer and contained confidential information, Mr. Hedrick informed Employee that his employment contract prohibited him from taking company property. Employee claimed that the devices contained personal information and that he wanted to take them home so he could remove this information. Mr. Hedrick offered to sit down with Employee and allow him to remove his personal information, but when Employee persisted on leaving, Mr. Hedrick let him do so.

Employee returned Employer's laptop and PDA on November 14, 2003. Mr. Hedrick, who operated a computer engineering firm for thirteen years prior to joining Employer, examined the laptop and determined that Employee had copied company data. Based on this examination,

Employer sent a letter to Employee on November 21, 2003 stating that "A forensic examination of your laptop indicates that ... you copied and retained data from the company's system, which you had no authorization to do, and which is in breach of your contractual obligation to the company." This letter demanded that Employee "immediately cease and desist from any and all use, copying, and/or dissemination of any of the data [in your possession,]" and that Employee "immediately retrieve and return all iterations and copies of such data...."

On November 25, 2003, Employer filed a motion for temporary restraining order and petition for preliminary and permanent injunction against Employee. At the hearing on the temporary restraining order, Employee testified that he had not copied any company data. At the hearing on the motion for permanent injunction and in his deposition, Employee stated that although he made copies of company data, he destroyed the copies. In various pleadings filed by Employee, he made similar representations.

In 2004, Employer hired a forensics expert to examine Employee's personal computer to determine whether he had retained company data. This expert determined that Employee in fact retained copies of Employer's data and that Employee used the data as recently as February 4, 2004. Employer estimated the value of this data to be approximately $90,000. The forensics expert was paid $7,700 for his services.

On April 27, 2004, Employer filed a motion for sanctions, which included a request for attorney's fees. The motion alleged Employee "has maintained factually false positions before this Court in pleadings and other filed papers, in sworn deposition testimony, and in statements before this Court and in testimony in open court."

On May 6, 2004, Employee turned over to the court copies of Employer's data which he had retained.

Six months after being terminated by Employer, Employee started a company called StarResource, LLC, which competes with Employer. Employee is a sixty percent majority owner of the company. At trial, Employer introduced a draft service agreement used by StarResource, LLC that was on one of its computers. Apparently this document referenced "Transitional Location Concepts, LLC," which was the name of Employer before Employee was hired there. Employee testified that he possessed this agreement prior to his employment with Employer. When he started StarResource, LLC, he performed a global replace to insert StarResource, LLC in place of Employer.

Employer sued Employee for breach of contract, fraudulent misrepresentation, computer tampering, trespass to chattels and malicious trespass to personalty. Employee counterclaimed for breach of contract. The trial court directed a verdict in favor of Employee on Employer's claims for computer tampering, trespass to chattels and malicious trespass to personalty. The trial court also directed a verdict in favor of Employer on Employee's breach of contract counterclaim. The jury returned a verdict in favor of Employer on its breach of contract and fraudulent misrepresentation claims. The jury awarded Employer $8,150 on the breach of contract claim, and $20,000 in compensatory damages and $75,000 in punitive damages on the fraudulent misrepresentation claim. Employee filed a Motion for Judgment Notwithstanding the Verdict or in the Alternative Motion for New Trial. Employer filed a Motion for Judgment as a Matter of Law or in the Alternative for New Trial. The trial court denied both motions. This appeal follows.

### Analysis

On appeal, Employee argues the trial court erred in: (1) denying his motion for judgment notwithstanding the verdict on Employer's fraudulent misrepresentation claim; (2) instructing the jury on Employer's fraudulent misrepresentation count; and (3) entering judgment on Employer's breach of contract and fraudulent misrepresentation claims because the judgment provided a double recovery to Employer. On cross-appeal, Employer argues the trial court erred in directing a verdict in favor of Employee on its claims for computer tampering, trespass to chattels and malicious trespass to personalty.

▮ Because we affirm the trial court's judgment and award of damages in favor of Employer, we will not address Employer's cross-appeal. As Employer conceded at oral argument, the damages it is seeking on the causes of action that are the basis for the cross-appeal are the same damages that it has already been awarded by the trial court, which we are affirming in this opinion. As such, we dismiss Employer's cross-appeal as moot. *See Jackson v. Christian Salvesen Holdings, Inc.*, 978 S.W.2d 377, 385 & n. 2 (Mo.App. E.D. 1998).

▮ In his first point on appeal, Employee argues the trial court erred in denying his motion for judgment notwithstanding the verdict on Employer's fraudulent misrepresentation claim because Employer failed to prove two of the essential elements of this cause of action. Specifically, Employee argues there was insufficient evidence at trial to establish that (1) anyone relied on Employee's representation that he would remove only his personal information from the laptop and PDA; and (2) any such reliance on Employee's representation was reasonable under the circumstances. We disagree.

▮ Our review of a trial court's denial of a motion for judgment notwithstanding the verdict is whether the party made a submissible case. *Payne v. Cornhusker Motor Lines, Inc.*, 177 S.W.3d 820, 832 (Mo.App. E.D.2005). "In order to make a submissible case, one must present substantial evidence for every fact essential to liability." *Id.* We view all the evidence and reasonable inferences drawn therefrom in the light most favorable to the prevailing party. *Id.* Because whether a submissible case was made is a question of law, our review is *de novo. Id.*

▮▮ A jury verdict will not be overturned unless there is a complete absence of probative facts to support the verdict. *Id.* "A judgment notwithstanding the verdict is a drastic action, and will only be granted when reasonable persons could not differ on a correct disposition of the case." *Id.*

▮ To prove a fraudulent misrepresentation claim, the plaintiff must prove the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) the speaker's intent that the statement be acted upon; (6) the hearer's ignorance of the falsity of the statement; (7) the hearer's reliance on the truth of the statement; (8) the hearer's right to rely on the statement; and (9) the hearer's consequent and proximate injuries.

*Botanicals on the Park, Inc. v. Microcode Corp.*, 7 S.W.3d 465, 468 (Mo.App. E.D. 1999). The key elements Employee argues Employer failed to show are Employer's reliance on the truth of Employee's representations, and that its reliance on such representations was reasonable.

Under our standard of review, we find substantial evidence to support the jury's verdict. The evidence before us shows that after Employee was terminated, Mr. Hedrick asked Employee to return all property he had that belonged to Employer. Employee indicated he wanted to pack up his belongings and left the room. When Employee attempted to leave with his laptop computer and PDA, which were owned by Employer and contained confidential information, Mr. Hedrick informed Employee that his employment contract prohibited him from taking company property. Employee claimed that the devices contained his personal information and that he wanted to take them home so he could remove that information. Mr. Hedrick offered to sit down with Employee and allow him to remove his personal information, but when Employee persisted on leaving, Mr. Hedrick let him do so. From this evidence, the jury could have determined that Employer relied on Employee's representations that he would simply remove his personal information and then return the items back to Employer.

As to the reasonableness of Employer's reliance, it appears Employee's argument on appeal is that because Employee was untrustworthy, it was unreasonable for Employer to rely on his representations and as a result, Employer could not prove this element of fraudulent misrepresentation. However, Employee failed to cite us any authority for this proposition.

On the contrary, from the evidence presented at trial, the jury could have found that Employer's reliance on Employee's representations was reasonable. Employee worked with Employer for almost two years, was in a managerial position and owned five percent of the company. In addition, Employee's contract provided that he "[i]mmediately upon Employee's termination ... shall deliver to Employer all property and materials owned by Employer ...," and that "Employee[ ] shall not retain any copies or reproductions thereof...." Therefore, the trial court did not err in denying Employee's motion for judgment notwithstanding the verdict on Employer's fraudulent misrepresentation claim. Point I is denied.

■ In his second point on appeal, Employee argues the trial court erred in instructing the jury on Employer's fraudulent misrepresentation count because the jury instruction submitted on this count provided that the burden of proof of each element of the count was a preponderance of the evidence, when the proper burden of proof was clear and convincing evidence. We disagree.

■ Employee is requesting that we review this point for plain error because the alleged instructional error was not presented to the trial court. Rule 70.03 requires a party objecting to a jury instruction to make their specific objections prior to the court submitting the case to the jury. *Missouri Highway and Transp. Comm'n v. Kansas City Cold Storage Inc.*, 948 S.W.2d 679, 682 (Mo.App. W.D.1997). "Where specific objections to jury instructions were not made prior to submission of the case, the matter is not preserved for review except for plain error under Rule 84.13...." *Id.* Rule 84.13(c) states, "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c). However, plain error is rarely used in civil cases. *Slankard v. Thomas*, 912 S.W.2d 619, 628 (Mo.App. S.D.1995).

We find the submission of Employer's fraudulent misrepresentation claim on the preponderance of the evidence burden of

proof was not plain error. In *Artilla Cove Resort, Inc. v. Hartley,* 72 S.W.3d 291, 295–96 (Mo.App. S.D.2002), the court was specifically asked to determine what the proper burden of proof was for a claim of fraudulent misrepresentation. The court held that contrary to appellants' argument, respondents did not have to prove the elements of their claim for fraudulent misrepresentation by clear and convincing evidence, but rather only by a preponderance of the evidence. *Id.; see also, Crawford v. Smith,* 470 S.W.2d 529, 531–32 (Mo.1971) ("[I]n a fraudulent misrepresentation case tried to a jury, the burden of proof is not greater than in other cases tried to a jury, and ... the proper burden of proof instruction is MAI 3.01.").

In addition, the jury in this case awarded Employer punitive damages on the fraudulent misrepresentation claim based on the clear and convincing burden of proof. Therefore, even if the burden of proof for fraudulent misrepresentation was clear and convincing evidence, we cannot find a manifest injustice or a miscarriage of justice here. Point II is denied.

■ In his final point on appeal, Employee argues the trial court erred in entering judgment on Employer's breach of contract and fraudulent misrepresentation claims because the judgment provided a double recovery to Employer. Specifically, Employee argues that the damages sought for both of these claims were based on Employee's retention and use of company data. We disagree.

Again, Employee is requesting plain error review because the allegation of error asserted in this point was not preserved. Rule 84.13(c) provides "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or mis-

carriage of justice has resulted therefrom." Rule 84.13(c).

■ Employee is correct that a party is "not entitled to 'be made more than whole or receive more than one full recovery for the same harm.'" *Davis v. Cleary Building Corp.,* 143 S.W.3d 659, 670 (Mo.App. W.D.2004) (internal citation omitted). Thus, if the damages for two causes of action " 'are the same, then the damage award merges.'" *Id.* (internal citations omitted). However, a party "may recover any damages proved on [a] fraudulent misrepresentation claim which are not coextensive with the actual damages awarded on [a] breach of contract claim." *Dierker Associates, D.C., P.C. v. Gillis,* 859 S.W.2d 737, 750 (Mo.App. E.D.1993).

Here, our review of the record and evidence presented at trial reflects that Employer proved two separate sources of damages at trial—the cost of a computer forensic expert; and the loss of value of Employer's data. First, Mr. Hedrick testified at trial regarding the cost of hiring a computer forensic expert to prove Employee's unauthorized use and retention of its data, in violation of the Employee's employment contract. The jury awarded Employer $8,150 in damages on its breach of contract claim. Second, Mr. Hedrick testified at trial regarding the approximate value of Employer's data that Employee continued to use and retain for his own purposes, despite his representations to the contrary. The jury awarded Employer $20,000 in compensatory damages and $75,000 in punitive damages on its fraudulent misrepresentation claim. Therefore, we find the jury's award of damages on these claims is supported by the evidence, and not coextensive. The trial court's entry of judgment on these jury awards does not constitute a manifest injustice or a miscarriage of justice. Point III is denied.

*Conclusion*

The trial court's judgment entered upon a jury verdict in favor of Employer on its claims of breach of contract and fraudulent misrepresentation is affirmed. Because we are affirming the jury's award of damages on the breach of contract and fraudulent misrepresentation claims, and because Employer is not seeking additional or different damages on the causes of action that are the basis of its cross-appeal, we dismiss Employer's cross-appeal as moot.

AFFIRMED IN PART; DISMISSED IN PART.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY, J., concur.