

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| PECOS I, LLC, | ) | No. ED110302 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable Jon A. Cunningham |
| JASON S. MEYER, | ) | |
| | ) | |
| Appellant. | ) | Filed: November 8, 2022 |

## Introduction

Jason S. Meyer ("Appellant") executed and later restated two promissory notes ("Notes") in favor of Pecos I, LLC ("Pecos" or "Respondent") secured by titles to a 1970 Ford Mustang and a 1969 Ford Mustang ("Vehicles"). Respondent sued Appellant to collect payments on the Notes ("Suit on Notes"). In Counts I and II, Respondent demands payment on the Notes. In Count III, Respondent seeks judicial foreclosure of the Vehicles held as collateral. In Count IV, Respondent seeks injunctive relief preventing the damage, sale, or other encumbrance of the Vehicles. Appellant also filed a counterclaim against Respondent for abuse of process in the Suit on Notes.

Appellant later filed a third-party petition ("Third-Party Petition") for fraudulent misrepresentation against Kolb Meyer Bioenergy NMI ("KBNMI") and Stephen R. Krause

("Third-Party Defendants"). Count I alleges fraudulent misrepresentation by KBNMI. Count II alleges fraudulent misrepresentation by Krause.

Respondent moved for summary judgment on the Suit on Notes, and Third-Party Defendants moved for summary judgment on the Third-Party Petition. The trial court granted summary judgment for Respondent on the Suit on Notes, including Appellant's counterclaim. The trial court also granted summary judgment for Third-Party Defendants on the Third-Party Petition.

Appellant appeals the trial court's judgment on both the Suit on Notes and the Third-Party Petition and raises three Points. In Point I, Appellant argues the trial court erred in granting summary judgment to Respondent in the Suit on Notes on the payment on the Notes because a dispute of material fact existed as to whether a balance remained due on the underlying Notes, an element of Respondent's claim. In Point II, Appellant argues the trial court erred in granting summary judgment to Respondent in the Suit on Notes on the judicial foreclosure of the Vehicles because a dispute of material fact existed on Respondent's claim of default. In Point III, Appellant argues the trial court erred in granting summary judgment in the Third-Party Petition on the fraudulent misrepresentation claims against KBNMI and Krause because the Third-Party Defendants did not negate the element of reliance in Appellant's claim.

Because evidence cited by Appellant to show the Notes were always intended to be treated as advances violates the parol evidence rule and because evidence cited by Appellant to show Respondent accepted Meyer Engineering services as payment for the outstanding principal owed on the Notes violates the statute of frauds, the trial court did not err in granting summary judgment on the payment on the Notes in the Suit on Notes. We deny Point I. Because Appellant defaulted on the Notes, the trial court did not err in granting summary judgment on the judicial

2

foreclosure of the vehicles held as collateral in the Suit on Notes. We deny Point II. Because Appellant has standing to sue in his individual capacity and a genuine issue of material fact still remains regarding Appellant's reliance on alleged misrepresentations made by KBNMI in not making payments due on the Notes, the trial court erred in granting summary judgment on the fraudulent misrepresentation claim against KBNMI. We grant in part Point III. Because Appellant could not rely on Krause's alleged misrepresentations due to Appellant's knowledge of Respondent demanding payment on the Notes in cash before the alleged misrepresentations occurred, the trial court did not err in granting summary judgment on the fraudulent misrepresentation claim against Krause. We deny in part Point III.

We affirm in part and reverse in part.

**Factual and Procedural Background**

Appellant was at all relevant times the president of non-party J.S. Meyer Engineering, P.C. ("Meyer Engineering"). Respondent is a Missouri limited liability company with its principal place of business in St. Charles County, Missouri. KBNMI is a Missouri limited liability company with its principal place of business in St. Charles County. KBNMI is an affiliate of Respondent. Krause, at all relevant times, served as an agent of Pecos and KBNMI. Non-party Jeff Kolb, at all relevant times, also served as an agent of Pecos and KBNMI. In 2015, KBNMI was formed to develop, own and operate a bioenergy plant in Dexter, New Mexico, converting cow manure into methane gas ("Project"). Meyer Engineering contracted with KBNMI to provide engineering services for the Project ("Master Services Agreement" or "MSA"). The Master Services Agreement was effective as of October 19, 2015.

On October 19, 2015, Appellant individually executed a promissory note for $420,000. On November 19, 2015, Appellant executed a second promissory note for $300,000. Note 1 and

3

Note 2 became due on demand, or, if no demand was made, on May 1, 2016. Note 1 and Note 2 were secured by titles to the Vehicles. Appellant provided the note proceeds to Meyer Engineering "to pay salaries and health insurance premiums of employees working on the project and other general operating expenses."

On May 1, 2016, Appellant executed two restated promissory notes extending the Notes' due dates to December 1, 2016. In 2016, the principal balance on Note 1 was reduced from $420,000 to $300,000, reducing the total collective principal balance owed under the terms of the Notes to $600,000.[1]

Each Note stated payment of the principal sum due on the notes, plus accrued interest, was to be made "in lawful money of the United States of America in immediately available funds . . . ." The Notes specify a failure to make payments when due under the terms and a failure to comply with or perform under the terms constitutes default. The Notes also include a merger clause, which states:

> ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING THE PAYMENT OF A DEBT, INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT BORROWER AND LENDER FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS BETWEEN BORROWER AND LENDER COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, EXCEPT AS BORROWER AND LENDER MAY LATER AGREE IN WRITING TO MODIFY IT.

At the beginning of the Project Meyer Engineering submitted invoices for its services which were paid by KBNMI. In April 2016, KBNMI stopped paying Meyer Engineering on the Project. Meyer Engineering continued to provide engineering services on the Project. Appellant contends this was an arrangement where the engineering services paid off the Notes.

---

[1] It is undisputed the Notes were reduced due to "events not at issue" in this case.

On July 12, 2017, Respondent sued Appellant seeking payment on the Notes, judicial foreclosure, and injunctive relief on the Vehicles. Appellant filed his Answer, affirmative defenses, and asserted a counterclaim against Respondent for abuse of process. On September 15, 2017, Appellant filed his initial Third-Party Petition for fraudulent misrepresentation against KBNMI and Krause.[2]

On May 15, 2019, Respondent moved for summary judgment on the Suit on Notes. On September 13, 2019, the trial court granted Respondent's motion for summary judgment on the payment on the Notes and on the judicial foreclosure of the Vehicles. The request for injunctive relief on the Vehicles was resolved through a stipulation between the parties whereby the Vehicles' titles were placed in the care of Appellant's law firm. The trial court also granted summary judgment in Respondent's favor as to Appellant's counterclaim. On July 23, 2021, Third-Party Defendants jointly moved for summary judgment on the Third-Party Petition, as amended. On November 29, 2021, the trial court granted summary judgment for the Third-Party Defendants with respect to the fraudulent misrepresentation claims against KBNMI and Krause in the Third-Party Petition.

This appeal follows.

## Standard of Review

"The standard of review on appeal regarding summary judgment is essentially *de novo*." *Kroner Invs., LLC v. Dann*, 583 S.W.3d 126, 128 (Mo. App. E.D. 2019) (citing *Foster v. St. Louis Cnty.*, 239 S.W.3d 599, 601 (Mo. banc 2007)). On appeal, summary judgment will be upheld if there is no genuine dispute of material fact and the movant is entitled to judgment as a

---

[2] Separate litigation not before our Court took place starting on or about July 14, 2017, concerning a breach of the Master Services Agreement between KBNMI and Meyer Engineering. The parties settled their respective claims in this lawsuit in February of 2020.

matter of law. *Id.* (citing *Foster*, 239 S.W.3d at 601). "Because the role of this Court is to determine whether or not the trial court reached a proper result, we will uphold an order granting summary judgment if it is sustainable on any theory." *Wiley v. Daly*, 472 S.W.3d 257, 261 (Mo. App. E.D. 2015) (citing *McMullin v. Borgers*, 761 S.W.2d 718, 719 (Mo. App. E.D. 1988)).

We review the record "in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record." *Green v. Fotoohighiam*, 606 S.W.3d 113, 116 (Mo. banc 2020) (quoting *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 453 (Mo. banc 2011)). But, "facts contained in affidavits or otherwise in support of the party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* (quoting *Goerlitz*, 333 S.W.3d at 453). Only genuine disputes of material facts preclude summary judgment. *Id.* at 115 (quoting *Goerlitz*, 333 S.W.3d at 453). "A material fact in the context of summary judgment is one from which the right to judgment flows." *Id.* (quoting *Goerlitz*, 333 S.W.3d at 453).

"Facts come into a summary judgment record only via Rule 74.04(c)'s numbered-paragraphs-and-responses framework." *O'Donnell v. PNK (River City), LLC*, 619 S.W.3d 162, 166 (Mo. App. E.D. 2021) (quoting *Jones v. Union Pac. R.R. Co.*, 508 S.W.3d 159, 161 (Mo. App. S.D. 2016)). "If the court were to look beyond the facts pled on the Rule 74.04 record to the trial court's full record it would be impermissibly acting as an advocate for a party." *Id.* (citing *Lackey v. Iberia R-V Sch. Dist.*, 487 S.W.3d 57, 62 (Mo. App. S.D. 2016)); Rule 74.04.[3] "Thus, when reviewing a summary judgment, we may only review the undisputed material facts

---

[3] All Rule citations are to the Missouri Supreme Court Rules (2021).

established by the process set forth in Rule 74.04(c); we do not review the entire trial court record." *Id.* (quoting *Alvis v. Morris*, 520 S.W.3d 509, 512 (Mo. App. S.D. 2017)).

## Discussion

*Point I: Granting Summary Judgment on the Payment on the Notes in Suit on Notes*

### A. Party Positions

Appellant argues the trial court erred in granting summary judgment to Respondent on the payment on the Notes because a dispute of material fact existed regarding whether a balance remained due on the underlying Notes or, alternatively, whether the affirmative defense of payment was implicated. Appellant argues he submitted documentary evidence in his response to summary judgment "explaining how payment was made satisfying the $600,000 remaining balance on the Notes." Specifically, Appellant argues Kolb Bioenergy accepted the Meyer Engineering services as payment for the outstanding $600,000 in Notes. Appellant argues the submitted documents, including Pecos' accounting documents and letters and e-mails from Pecos' agents, show there is still a genuine dispute of material fact about whether Pecos (and its agents Kolb and Krause) accepted Meyer Engineer's services as payment on the notes. Alternatively, Appellant argues this evidence shows a genuine dispute of material fact about whether Appellant could use the affirmative defense of payment.

Appellant argues the trial court erred in rejecting all of the evidence of payment based on the parol evidence rule. Appellant argues the parol evidence rule prohibits evidence of "prior or contemporaneous agreements" which "vary or contradict the terms of an unambiguous and complete written document absent fraud, common mistake, accident or erroneous omission." *Cent. Prod. Credit Assoc. v. Reed*, 805 S.W.2d 300, 302 (Mo. App. S.D. 1991). Appellant argues the rule does not "bar the above evidence of later payment" for multiple reasons.

First, Appellant argues the parol evidence rule "does not prohibit evidence of agreements entered into after the contract was executed." *Warrenton Campus Shopping Ctr., Inc. v. Adolphus*, 787 S.W.2d 852, 855 (Mo. App. E.D. 1990) (citing *George F. Robertson Plastering Co. v. Magidson*, 271 S.W.2d 538, 541 (Mo. 1954)). Appellant argues the evidence presented "is not implicated by the parol evidence rule, because it did not evidence a prior or contemporaneous agreement . . ." Rather, the evidence demonstrated Pecos, after the Notes were signed, accepted engineering services as payment on the Notes.

Second, Appellant argues the parol evidence rule governs the construction of contracts. *Cent. Stone Co. v. Warning*, 412 S.W.3d 908, 912 (Mo. App. E.D. 2013). Appellant argues its contention "is not premised on the construction of notes," rather "it is based on [Respondent's] agreement to accept Meyer Engineering's engineering services, valued at a minimum of $600,000, in satisfaction of the Notes." Appellant argues it is thus "irrelevant" the Notes required Appellant to pay Respondent in readily available funds.

Appellant also argues the trial court erred in rejecting all of the evidence of payment based on the statute of frauds and section 432.045.2 because the offered evidence does not violate the rule or the statute.[4] Appellant argues the statute of frauds prohibits oral amendments to contracts. *Reliance Bank v. Musselman*, 403 S.W.3d 147, 150 (Mo. App. E.D. 2013). Appellant argues here, the evidence of payment was not oral, but a series of writings which satisfy the statute of frauds and section 432.045.2. Appellant argues the payment evidence contains writings, "both correspondence and [Respondent's] accounting documents," which demonstrate the Notes were payment for Meyer Engineering's performance of services. Thus,

---

[4] All statutory references are to RSMo (2016), unless otherwise indicated.

8

Appellant argues the second element is not fulfilled, or the defense of payment stands because no balance is due on the Notes.

Respondent argues the only contested element is whether a balance on the Notes remained "due and owing" to Respondent. Appellant argues Meyer admitted he refused to pay the Notes in cash to Respondent, which is the required method detailed in the terms of the Notes. Respondent thus argues its affirmative burden regarding the elements was satisfied.

Respondent argues the parol evidence rule bars Appellant's evidence and defense claiming the Notes were repaid through Meyer Engineering's services to KBNMI because Appellant admitted such "purported repayment" was based on "an alleged agreement entered into prior to [Appellant's] execution of the Notes." Respondent argues the parol evidence rule prohibits evidence of prior or contemporaneous agreements which vary or contradict the terms of a complete and unambiguous contract absent fraud, common mistake, accident, or erroneous omission. *Reed*, 805 S.W.2d at 302 (citing *State Bank of Fisk v. Omega Elecs.*, 634 S.W.2d 234, 237 (Mo. App. S.D. 1982)). Respondent argues the promissory notes are "clear and unambiguous on their face" in calling for repayment in cash or cash equivalent, with interest, by Appellant to Pecos, not through engineering services by Meyer Engineering to KBNMI. Respondent argues Appellant's defense was premised on Appellant's contention that, when the parties executed the notes, "the parties intended something other than the agreement set forth in the express terms of the Notes." Thus, Respondent argues the payment evidence Appellant cites is barred under the parol evidence rule because the evidence is contrary to the terms of the Notes.

Respondent also argues even if the evidence was admissible, the evidence cited by Appellant is insufficient to prevent summary judgment in Respondent's favor on the Notes. Respondent argues, "[o]nly evidence that is admissible at trial can be used to sustain or avoid

9

summary judgment." *Campbell v. Union Pac. R.R. Co.*, 616 S.W.3d 451, 459–60 (Mo. App. E.D. 2020 (quoting *Jones v. Union Pac. R.R. Co.*, 508 S.W.3d 159, 162 (Mo. App. S.D. 2016)). Respondent argues Appellant lacked the competence to testify regarding the contents of the Undated Spreadsheet Produced by Pecos (PECOS_0015394), the April 22, 2016 Spreadsheet Produced by Plaintiff (PECOS_0000632), and the KBNMI Transactions Summary as of December 6, 2016. Thus, Respondent argues under Rule 74.04, these documents are inadmissible given the lack of foundation. *See St. Chares Cnty. V. Dardenne Realty Co.*, 771 S.W.2d 828, 830 (Mo. banc 1989). Respondent further argues Appellant's arguments misstate the communications in the Krause E-mail of June 22, 2016, and the Krause E-mail of December 6, 2016. Respondent argues these communications are insufficient to resist summary judgment.

Respondent also argues the statute of frauds bars any evidence the parties orally modified the terms of the Notes to permit repayment through services to KBNMI because the statute of frauds bars evidence of oral amendments to promissory notes. *Reliance Bank v. Musselman*, 403 S.W.3d 147, 150 (Mo. App. E.D. 2013) (citing *Pac. Carlton Dev. Corp. v. Barber*, 95 S.W.3d 159, 164 (Mo. App. W.D. 2003)). Respondent asserts under section 432.045.2, a debtor is barred from maintaining any defense to a credit agreement based on an alleged modification of the original agreement terms unless the agreement is in writing and sets forth the relevant terms and conditions. Respondent argues Appellant did not plead the parties amended the Notes, and Appellant produced no document satisfying the requirements of section 432.045.

## B. Analysis

To be entitled to summary judgment, Respondent had to plead facts sufficient to establish each element of its claims on the Notes. *Bus. Bank of St. Louis v. Apollo Invs., Inc.*, 366 S.W.3d 76, 80 (Mo. App. E.D. 2012). "The elements in an action on a promissory note are: the existence

10

of a valid promissory note signed by the maker; a remaining balance due on the note; and a demand on the maker for payment has been made and refused, leaving the maker in default." *Id.* (citing *Mobley*, 72 S.W.3d at 257). Appellant admits the first and third elements. The issue before this Court is whether there remains a dispute of material fact regarding the second element, whether a balance is due on the note.

Evidence violating the parol evidence rule or the statute of frauds is barred as a matter of law. *See Rosenfeld v. Boniske*, 445 S.W.3d 81, 89 (Mo. App. E.D. 2014) (parol evidence rule); *Reliance Bank*, 403 S.W.3d at 150 (statute of frauds). Appellant's argument raises two issues: first, whether the evidence cited by Appellant may be used to show the Notes were always intended as "advances" for Meyer Engineering services; and second, whether the evidence may be used to show Respondent accepted those engineering services as payment for the outstanding $600,000 in Notes. Each issue is addressed separately.

First, evidence supporting Appellant's contention the Notes were always intended as "advances" for Meyer Engineering services is barred as a matter of law because it violates the parol evidence rule. The parol evidence rule prohibits evidence of prior or contemporaneous oral agreements that vary or contradict the terms of an unambiguous, final, and complete writing, absent fraud, accident, mistake, or duress. *Rosenfeld*, 445 S.W.3d at 87 (quoting *Poelker v. Jamison*, 4 S.W.3d 611, 613 (Mo. App. E.D. 1999)). "There is a general consensus that when the parties have reduced their final and complete agreement to writing, the parol evidence rule does not permit the writing to be varied or contradicted and this principle is a substantive rule of law and not a rule of evidence." *State ex rel. Mo. Highway & Transp. Comm'n v. Maryville Land P'ship*, 62 S.W.3d 485, 489 (Mo. App. E.D. 2001) (citing *Jake C. Byers, Inc. v. J.B.C. Invs.*, 834 S.W.2d 806, 812 (Mo. App. E.D. 1992)). The essence of the parol evidence rule is "evidence

11

outside a completely integrated contract cannot be used to change the agreement." *Id.* Here, the Notes are unambiguous, final, and complete writings. The Notes require payment in "lawful money of the United States of America in immediately available funds." Any parol evidence used to show the parties always intended the Notes to be "advances" would change the fully integrated agreement and is thus barred. However, if such an agreement is made post-contract execution, evidence of such would not be prohibited under the parol evidence rule because the rule "does not prohibit evidence of agreements entered into after the contract was executed." *Adolphus*, 787 S.W.2d at 855.

Second, evidence, post-contract, supporting Respondent's acceptance of Meyer Engineering's services as payment for the outstanding $600,000 in Notes is barred as a matter of law because it violates the statute of frauds. The statute of frauds requires certain contracts to be in writing. § 432.010. Under Missouri law, credit agreements must be in writing. § 432.045. A credit agreement is "an agreement to lend or forbear repayment of money, to otherwise extend credit, or to make any other financial accommodation." § 432.045.1. Section 432.045.2 states: "A debtor may not maintain an action upon or a defense to a credit agreement unless the credit agreement is in writing, provides for the payment of interest or for other consideration, and sets forth the relevant terms and conditions . . . ." The essential elements of the contract need not be in a single document but may be in a series of writings or documents. *Mayer v. King Cola Mid-Am., Inc.*, 660 S.W.2d 746, 748 (Mo. App. E.D. 1983) (citing *Bayless Bldg. Materials Co. v. Peerless Land Co.*, 509 S.W.2d 206, 211 (Mo. App. 1974)). "When separate documents are relied on to establish the existence of an agreement, they must be connected by express reference to one another or by clear implication established through their respective contents." *Id.* (citing *Arnold v. Broadmoor Dev. Co.*, 585 S.W.2d 564, 566 (Mo. App. 1979)). "Whether a writing

12

satisfies the statute of frauds is a question of law." *Johnson v. Cook*, 167 S.W.3d 258, 262 (Mo. App. E.D. 2005).

Furthermore, "[a] promissory note imports a promise to pay in money and nothing else." *Green Acres Enters., Inc. v. Freeman*, 876 S.W.2d 636, 639 (Mo. App. W.D. 1994) (citing *Matter of Estate of White*, 665 S.W.2d 67, 71 (Mo. App. 1984)). Payment on a promissory note may be made in a medium other than money, such as services, but only where the parties independently agree. *Gibson v. Harl*, 857 S.W.2d 260, 271 (Mo. App. W.D. 1993); *see also Green Acres Enters., Inc.*, 876 S.W.2d at 639.

Here, a subsequent agreement by Pecos to accept the Meyer Engineering services as payment on the promissory notes was required to discharge the debt owed. *See Green Acres Enters., Inc.*, 876 S.W.2d at 639. Such an agreement would be considered a "credit agreement" under section 432.045.1 because it is a "financial accommodation." § 432.045.1. So, under section 432.045, this agreement had to be in writing to be enforceable.

Appellant incorrectly argues Pecos' internal documents and its agents' correspondence are sufficient to establish a writing satisfying the statute of frauds. Even if we assumed these documents are connected to each other by express reference or clear implication, they do not, individually or collectively, provide for the payment of interest or for other consideration, setting forth the relevant terms and conditions of an agreement to accept services as payment for the Notes. § 432.045.2. None of the documents in the summary judgment record show an agreement to accept services as payment on the Notes in lieu of cash.

Because Appellant admitted to not paying the Notes in cash to Respondent, as required under the terms, and there is no admissible evidence in the summary judgment record which

13

establishes a genuine dispute about whether a balance is due Respondent satisfied its burden in proving the element in dispute, a remaining balance due on the promissory note. *Bus. Bank of St. Louis*, 366 S.W.3d at 80. Thus, the trial court did not err in granting summary judgment on the payment on the Notes in the Suit on Notes. *Id.*

Point I denied.

*Point II: Granting Summary Judgment on Judicial Foreclosure of Vehicles in Suit on Notes*

Appellant argues the trial court erred in granting summary judgment to Respondent on the judicial foreclosure of the Vehicles in the Suit on Notes. Echoing Point I Appellant argues a dispute of material fact regarding whether a balance remained on the Notes means there is still a dispute of material fact concerning whether Appellant defaulted on the Notes. Section 400.9-601 provides for the rights of a secured party after default stating:

> (a) After default, a secured party has the rights provided in this part and, except as otherwise provided in section 400.9-602, those provided by agreement of the parties. A secured party:
>
> > (1) May reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure; and
> >
> > (2) If the collateral is documents, may proceed either as to the documents or as to the goods they cover.

Appellant emphasizes the statute is only applicable "after default" on the Notes. Appellant argues a genuine dispute of material fact was raised as to whether Respondent accepted payment on the Notes, in full, in the form of engineering services from Meyer Engineering. So, Appellant argues if the jury concludes the Notes were paid off, then no default occurred under section 400.9-601, and judicial foreclosure on the vehicles would be improper.

Respondent argues there is no dispute of fact regarding Appellant's default under the terms of the Notes. Respondent argues because the trial court properly held there was no dispute

of material fact regarding all three elements in the action on the Notes, Appellant defaulted on the Notes. Respondent argues, under section 400.9-601, the trial court properly granted Respondent the right to foreclose on the Vehicles pledged as collateral by Appellant on the Notes.

As discussed in Point I, because Respondent satisfied its burden in proving the three elements in an action on a promissory note, Appellant defaulted on the Notes. Thus, under section 400.9-601, Respondent may foreclose on the Vehicles pledged as collateral by Appellant on the Notes. The trial court did not err in granting summary judgment to Pecos on the judicial foreclosure of the Vehicles in the Suit on Notes.

Point II denied.

*Point III: Granting Summary Judgment on Fraudulent Misrepresentation Claims Against KBNMI and Krause in Third-Party Petition*

A. Party Positions

Appellant argues the trial court erred in granting summary judgment on the fraudulent misrepresentation claims against KBNMI and Krause in Appellant's Third-Party Petition because the Third-Party Defendants did not negate the reliance element of Appellant's claim based on undisputed facts. Appellant argues the facts in the Third-Party Petition summary judgment record support the elements of fraud.

Appellant argues his misrepresentation claim is "simple and direct." Appellant argues the Third-Party Defendants represented to Appellant that he would not be repaying the Notes, but "the Notes would be paid by Meyer Engineering providing services to Kolb Bioenergy." Appellant argues the issues primarily in dispute concern Appellant's reliance and right to rely. Appellant argues the trial court erred in excluding the contemporaneous oral agreement stating

15

the Notes would be repaid through services rendered by Meyer Engineering based on the parol evidence rule because fraud is an exception to the rule. *Celtic Corp. v. Tinnea*, 254 S.W.3d 137, 142 (Mo. App. E.D. 2008). Appellant argues the trial court further erred in concluding Appellant did not have standing to sue in his individual capacity for damages to the corporation. Appellant argues he is being sued by Pecos individually and is personally liable for the claim against him. So, he has standing to assert the fraud claim.

Respondent argues the trial court did not err in granting summary judgment in the Third-Party Defendants' favor because Appellant admitted he did not rely on any alleged misrepresentations and because Appellant lacks standing to sue in his individual capacity. Respondent argues Appellant's failure to establish these elements of his fraud claim is fatal to recovery. *Emerick v. Mutual Ben. Life Ins. Co.*, 756 S.W.2d 513, 519 (Mo. banc 1988).

Respondent argues Appellant's misrepresentation claims are based on circumstances occurring post-Note execution where the Third-Party Defendants allegedly represented to Appellant KBNMI credited to Meyer Engineering the amounts owed by Appellant to Respondent under the terms of the Notes. Respondent argues Appellant did not allege in his Third-Party Petition the Third-Party Defendants "fraudulently induced" Appellant to execute the Notes. Respondent claims Appellant is now attempting to "re-characterize his fraud claims as claims for fraudulent inducement of the Notes." Respondent argues Appellant should be limited to his claims of misrepresentation, which occurred after the Notes were executed and extended. Respondent argues Appellant should not be able to argue the Notes "were somehow procured through fraudulent inducement . . . ." Respondent argues "as a matter of law," Appellant cannot show he relied upon any alleged misrepresentation by Third-party Defendants.

16

Respondent further argues Meyer Engineering's continued provision of services to KBNMI under the MSA between Meyer Engineering and KBNMI cannot constitute actionable reliance. Respondent argues the parties' obligations are controlled by the contract itself, and a failure to meet any requirements amounts to a breach of contract, not fraud. *See Anglin Eng'g Co. v. JE Barry Co. Inc.*, 912 S.W.2d 633, 638 (Mo. App. E.D. 1995). Thus, Respondent argues the alleged misrepresentations constitute a breach of contract between Meyer Engineering and KBNMI, not actionable fraud. Respondent asserts any claim for uncompensated Meyer Engineering services against KBNMI was litigated and settled by Meyer Engineering and KBNMI in the St. Louis County lawsuit. Respondent also argues Appellant never intended to repay the Notes to Respondent in cash, so Appellant cannot show he relied upon the alleged misrepresentations by failing to repay the Notes to Respondent. *See Dueker v. Gill*, 175 S.W.3d 662, 668 (Mo. App. S.D. 2005).

Respondent argues Appellant incorrectly interprets the trial court's statements in its decision granting summary judgment. Respondent argues the trial court did not enter summary judgment directly upon the parol evidence rule. Respondent argues the trial court entered judgment because Appellant could not prove he relied on any alleged misrepresentation by Third-Party Defendants. Respondent claims the trial court's "reference to the parol evidence rule simply amounts to a recognition that, in previously granting summary judgment," the trial court "already rejected this contention as barred by the parol evidence rule."

Respondent argues the fraudulent misrepresentation claim against Krause "suffers from additional deficiencies." Respondent first argues Appellant did not properly plea Krause made a misrepresentation because Appellant only claims "upon information and belief" Krause represented to Appellant "that KBNMI's parent entity, Kolb Meyer Bioenergy New Mexico,

LLC, owned the Notes, thereby allegedly implying that Pecos released or cancelled the Notes." Respondent argues such an allegation is insufficient to meet the requirements of Rule 55.15. Respondent also argues the alleged Krause misrepresentations occurred long after Appellant was aware Respondent claimed Appellant was obligated to repay the Notes in cash. *See Centerre Bank of Kansas City Distribs., Inc.*, 705 S.W.2d 42, 50 (Mo. App. W.D. 1985) ("[T]here is no right to rely upon representations on the part of one who is informed of the truth before he acts."). So, Respondent argues Appellant cannot "show that Krause made any actionable misrepresentation to him, cannot show reliance upon the alleged misrepresentation, and cannot show that he suffered any damages as a proximate result of any alleged misrepresentation."

Respondent argues Meyer Engineering, not Appellant, contracted with and provided the engineering services to KBNMI. Thus, Respondent argues Appellant cannot claim "he individually relied upon the alleged misrepresentations through Meyer Engineering's provision of such services." In other words, Respondent argues Appellant lacks standing to sue in his individual capacity.

### B. Appellant's Standing

The trial court concluded Appellant did not have standing to bring this Third-Party Petition claim against the Third-Party Defendants. Lack of subject matter jurisdiction may be raised at any time during a proceeding, including for the first time on appeal. *Warren v. Mercantile Bank of St. Louis*, 11 S.W.3d 621, 622 (Mo. App. 1999) (citing *Brunig v. Humburg*, 957 S.W.2d 345, 348 (Mo. App. E.D. 1997)). If a party lacks standing, this Court does not have jurisdiction over the questions presented. *Id.* (citing *Bremen Bank & Trust Co. of St. Louis v. Muskopf*, 817 S.W.2d 602, 608 (Mo. App. E.D. 1991)). Generally, "[a] shareholder is without standing to sue in his individual capacity for damages to the corporation." *Jones v. Rennie*, 690

18

S.W.2d 164, 166 (Mo. App. E.D. 1985) (citing *Gieselmann v. Stegeman*, 443 S.W.2d 127, 130 (Mo. 1969)).

Here, Appellant individually executed the Notes to pay to the order of Pecos. Appellant is personally responsible for the debt evidenced by Respondent's suit against Appellant on the Notes. The damages are to Appellant, given Appellant is personally liable on the Notes and Appellant's cost of attorney's fees and expenses. Thus, Appellant has standing to sue in his individual capacity for the damages based on alleged fraudulent representations made to him individually. *See Warren*, 11 S.W.3d at 623; *see also Around the World Importing, Inc. v. Mercantile Trust Co., N.A.*, 795 S.W.2d 85, 91 (Mo. App. E.D. 1990). The trial court's holding Meyer lacked standing to file the Third-Party Petition was error.

C. Analysis

Because Appellant has standing, we address whether the trial court erred in granting summary judgment on the fraudulent misrepresentation claims against KBNMI and Krause in the Third-Party Petition for the Third-Party Defendants. Specifically, as framed by the parties, the issue before us is whether there are genuine issues of material fact regarding Appellant's reliance on any alleged misrepresentations by the Third-Party Defendants.

The elements of a fraudulent misrepresentation claim are:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Stevens v. Markirk Constr., Inc.*, 454 S.W.3d 875, 880 (Mo. banc 2015) (quoting *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131–32 (Mo. banc 2010)).

19

We address the disputed element, Appellant's reliance on the alleged representations claiming Pecos accepted Meyer Engineering services to KBNMI as payment on the notes. The test of whether an individual reasonably relied upon a misrepresentation "is simply whether the representation was a material factor influencing final action." *Stein v. Novus Equities Co.*, 284 S.W.3d 597, 603 (Mo. App. E.D. 2009) (quoting *Grossoehme v. Cordell*, 904 S.W.2d 392, 397 (Mo. App. W.D. 1995)). Generally, reliance and the right to rely on the representation is a question for the jury. *Martha's Hands, LLC v. Starrs*, 208 S.W.3d 309, 315 (Mo. App. E.D. 2006); *McClain v. Papka*, 108 S.W.3d 48, 52 (Mo. App. E.D. 2003).

In the fraudulent misrepresentation claim against KBNMI, Appellant claims different actions of reliance. First, reliance in Meyer Engineering continuing to perform work for Pecos and KBNMI. Second, reliance in Appellant not making payments due on the Notes. We discuss each in turn.

Appellant's reliance in continuing to allow his company, Meyer Engineering, to perform work for Pecos and KBNMI cannot constitute actionable reliance. In *Anglin Engineering Co.*, this Court held a "failure to perform under [a] contract by refusing to pay . . . after assurance [of] pay, constituted merely breach of contract and did not rise to the level of fraud." 912 S.W.2d at 639. In *Anglin Engineering Co.*, Anglin Engineering Company ("Anglin") contracted with J.E. Barry Company, Inc. ("Barry") to provide isometric drawings for a construction project. *Id.* at 635. After failure to pay invoices, Barry's vice-president assured Anglin payment would be forthcoming. *Id.* After this assurance, Anglin continued to work on the project until Barry terminated Anglin's services. Anglin sued for breach of contract, quantum meruit, and fraud. *Id.* at 635–36. As to the fraud claim, this Court stated, "Anglin's assertion that it continued to furnish the isometric drawings in reliance upon Barry's assurances of payment does not establish

20

the requisite element of reliance on Barry's [vice-president's] representation." *Id.* at 639. This Court determined "Anglin's inducement to continue to prepare the drawings was based upon its contract with Barry, not upon additional assurances of payment given during the course of the contractual relationship." *Id.* This Court noted Anglin was entitled to payment for furnishing the drawings as required by the contract. *Id.* This Court reasoned, "Barry's [vice-president's] promise to pay for the drawings six months after Anglin began work pursuant to the contract was superfluous because Barry was obligated to pay under the terms of the contract." *Id.*

Appellant attempts to argue *Anglin Engineering Co.* does not apply because there is no agreement between the Third-Party Defendants and himself under which the Third-Party Defendants agreed to pay something in exchange for Appellant's services in allowing his company, Meyer Engineering, to continue to perform work for Pecos and KBNMI. Appellant is incorrect. It is undisputed Appellant claims he understood the misrepresentations to mean KBNMI "credited to [Meyer Engineering] $600,000 relating to the Notes." It is undisputed Appellant asserts he relied upon the alleged misrepresentations in "continuing to perform work for [Pecos] and [KBNMI] despite, apparently, not being paid . . . ."

It is undisputed "KBNMI entered into an agreement with [Meyer Engineering] with an effective date of October 19, 2015" and "[u]nder the terms of the MSA, [Meyer Engineering] agreed to perform engineering services for KBNMI relating to the Project." The work Meyer Engineering performed, and its subsequent payment, was governed by the MSA. Appellant "allowing" Meyer Engineering to perform work is immaterial because Meyer Engineering was contractually obligated to perform the work based on the terms of the MSA, and Meyer Engineering was entitled to payment for performing work as required by the contract.

So, like in *Anglin Engineering Co.*, Appellant's inducement to continue to allow his company, Meyer Engineering, to perform work was based upon Meyer Engineering's contract with KBNMI, the MSA, not upon assurances of payment through the course of the contractual relationship. So, the Third-Party Defendant's alleged representations stating Meyer Engineering had been credited the amounts Appellant owed to Pecos was superfluous because KBNMI had to pay Meyer Engineering for its work under the terms of the MSA. These alleged representations regarding Appellant's claim of reliance to continue to allow Meyer Engineering to perform work without pay amount to a breach of contract, which is not before us.

Appellant's argument still fails to the extent he claims the reliance in continuing to perform engineering services were his own services as an engineer employee of Meyer Engineering. It is admitted "Meyer individually had no contract with KBNMI concerning any provision of engineering services by Meyer in his personal capacity relating [to] the Project." It is also admitted "all services that Meyer performed were as an engineer employed by Meyer Engineering." So, Meyer Engineering, as the Appellant's employer, would owe Appellant for his personal services as its employee, not Respondent. As discussed, Meyer Engineering's inducement to continue to provide engineering services based on the alleged misrepresentations is controlled by the MSA, subject to a breach of contract action, which is not before us.

Appellant's reliance in not making payments due on the Notes is another matter. The trial court held there is no genuine issue of material fact as to reliance because Appellant admitted he never intended to repay the Notes in cash. The trial court stated because Appellant never intended to repay the Notes in cash, Appellant could not have subsequently relied on this alleged

representation in his decision not to repay the Notes. The numbered paragraph addressing this admission states the following:[5]

> The intent of the parties in creating the Notes was that the initial transfers thereunder were to be treated not as loans to [Meyer Engineering], but instead as advances to [Meyer Engineering] against services [Meyer Engineering] would later perform for [KBNMI]. The parties did not intend and did not state, expressly or implicitly, that [Meyer Engineering] or [Meyer] would later satisfy the Notes with cash payments to [Pecos] or any affiliated entity. The parties' intent, rather, was that [Meyer Engineering] would later deduct the advanced amount from the fees that [Meyer Engineering] was owed by [Pecos] or [KBNMI] for engineering services [Meyer Engineering] performed for [KBNMI] under the MSA.

This statement, at best, establishes the parties' original intent in creating the Notes, but does not alone win summary judgment as a matter of law, particularly where the inferences are against the Movant. This statement may support Respondent's argument, but it does not conclusively preclude Appellant's claim for summary judgment purposes. Here, the summary judgment facts include KBNMI initially paid Meyer Engineering for its engineering services, subsequent non-payment for those services, alleged contemporaneous misrepresentations, and the continuation of engineering services without payment. The Third-Party Defendant's Statement of Uncontroverted Material Facts, and as admitted and attached as exhibits, the First and Third Meyer Affidavits reference communications and or spreadsheets received by Appellant prior to March 29, 2017, appearing to associate $600,000 with payment for engineering work. In the context of the KBNMI fraud claim, Appellant's reliance on those communications is a question of fact for the jury.

---

[5] Appellant denied this quote as being inaccurate in his response in the summary judgment record but did not support his denial "with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial," in violation of Rule 74.04. "A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph." Rule 74.04(c)(2). Even so, this Court notes the quotation is an accurate statement of Appellant's summary judgment affidavit.

"A question of fact exists only when fair-minded people, exercising reasonable judgment, could reach different conclusions on the issue in controversy." *Binkley v. Palmer*, 10 S.W.3d 166, 171 (Mo. App. E.D. 1999) (citing *Chancellor Dev. Co. v. Brand*, 896 S.W.2d 672, 677 (Mo. App. E.D. 1995)). Reasonable minds could differ on Appellant's reliance on the Third-Party Defendant KBNMI's alleged fraudulent misrepresentations concerning the amount of debt owed and Appellant's reliance upon these representations in not making payments due under the Notes. A reasonable mind could conclude, as Appellant argues, Appellant relied on the alleged misrepresentations to conclude he did not owe payments on the Notes because the money owed had been credited to services provided by Meyer Engineering. The issues about reliance and the right to rely are for the jury. *Martha's Hands, LLC*, 208 S.W.3d at 315; *McClain*, 108 S.W.3d at 52. Thus, the trial court erred in granting summary judgment as to the fraudulent misrepresentation claim against KBNMI on the Third-Party Petition, where damages sought are for accrued interest on failing to pay the Notes and attorney's fees incurred.[6]

As for the fraudulent misrepresentation claim against Krause, the trial court did not err in granting summary judgment. "[R]eliance should not be placed upon representations whose falsity is equally known to the parties." *Centerre Bank of Kansas City, N.A.*, 705 S.W.2d at 50 (citing *Messina v. Greubel*, 215 S.W.2d 456, 459 (Mo. 1948)). "[T]here is no right to rely upon representations on the part of one who is informed of the truth before he acts." *Id.* Here, it is admitted "[o]n or about March 29, 2017, [Respondent] Pecos, through counsel, sent a demand letter to [Appellant], through counsel, demanding repayment of the Notes." It is admitted the alleged misrepresentation by Krause through the New Balance Sheet occurred "on or about June

---

[6] As to the admissibility of the prior or contemporaneous oral agreement in the context of this alleged fraudulent misrepresentation claim, because Appellant did not plead fraud in the inducement as to the execution of the Notes, such issue is not before us. *See Gleitz v. St. John's Mercy Med. Ctr.*, 927 S.W.2d 506, 508 (Mo. App. E.D. 1996).

2017." It is also admitted Appellant "did not receive a copy of the New Balance Sheet until August 22, 2019." Thus, Appellant could not have relied on Krause's alleged misrepresentations to believe the Notes had been satisfied through work performed by Appellant or Meyer Engineering when Appellant knew Respondent Pecos was demanding payment on the Notes.

The trial court erred in granting summary judgment on the fraudulent misrepresentation claim against KBNMI but did not err in granting summary judgment on the fraudulent misrepresentation claim against Krause in the Third-Party Petition.

Point III is granted in part and denied in part.

## Conclusion

The trial court's judgment is affirmed in part and reversed in part. We remand the case to the trial court for further proceedings consistent with this opinion. As to Respondent's Motion for Attorney's Fees on Appeal, we grant its motion and remand for the trial court to determine the amount due, if any, after the conclusion of the fraud claim.

_____
Philip M. Hess, Judge

Kelly C. Broniec, P.J. and
James M. Dowd, J. concur.

25